OLIVER CORPORATION, Creditor, Intervenor and Appellant,

v.

KIRSCHMANN MOTORS, Inc., and Robert Huffman, Receiver, Respondents.

In the Matter of the VOLUNTARY APPLICATION FOR DISSOLUTION OF the KIRSCHMANN MOTORS, Inc., and Appointment of Receiver Pending such Dissolution.

No. 7690.

Supreme Court of North Dakota.

Sept. 12, 1957.

Conmy & Donahue, Bismarck, for appellant. M. E. Culhane, Minneapolis, Minn., of counsel.

Reichert & Reichert, Dickinson, for respondents.

BURKE, Judge.

This is a proceeding brought pursuant to Chapter 10–16 NDRC 1943, for the voluntary dissolution of Kirschmann Motors Inc. In the course of the proceeding the district court appointed a receiver to wind up the affairs of the corporation. The Oliver Corporation which was both a secured and an unsecured creditor of Kirschmann Motors, Inc., intervened in the proceeding and petitioned the court to direct the receiver to turn over to it certain items of personal property, upon which it had a lien, for the purpose of foreclosing the lien. Thereafter, but more than four months after the appointment of the receiver, the Kirschmann Motors Inc. filed a voluntary petition in bankruptcy. It then petitioned the district court to discharge the receiver and to dismiss the proceedings for dissolution. The court granted the petition and judgment was entered in accord-

ance with the trial court's order. The intervenor has appealed.

Just prior to the time the appeal was called for argument the parties to the proceeding filed a stipulation in this court. By the terms of this stipulation the respondents consented that the order and judgment appealed from the reversed. Since no question of public interest is involved and since a reversal will not adversely affect the interests of stockholders in the corporation or other persons not parties to the proceeding, we see no reason why judgment should not be entered in accordance with the stipulation without a consideration of the merits of the appeal. See Jones v. Walker, 32 S.D. 247, 142 N.W. 943.

The order and judgment of the district court are therefore reversed.

GRIMSON, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.