PEOPLE *v.* LaMARR.

1. CRIMINAL LAW—INDIGENT'S RIGHT TO COUNSEL—SELECTION BY ACCUSED.

   The right to counsel, guaranteed to an indigent person accused of crime, does not limit appointment of counsel for him to a practitioner selected by the accused (US Const, Ams 6, 14; Mich Const 1908, art 2, § 19; CL 1948, § 775.16, as amended by PA 1963, No 132).

2. SAME—INDIGENT'S RIGHT TO COUNSEL—SCOPE OF RIGHT.

   An indigent accused's right to counsel at all times and during all proceedings where the fundamentals of due process are involved in order that he will not be a victim of his poverty does not embrace a right to continuous service, counsel of his choice, or the right to dictate the procedural course of his representation (US Const, Ams 6, 14; Mich Const 1908, art 2, § 19; CL 1948, § 775.16, as amended by PA 1963, No 132).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 319.
[5, 6] 5 Am Jur 2d, Appeal and Error § 772.
[7] 5 Am Jur 2d, Appeal and Error § 791.

3. Same—Court-Appointed Counsel for Indigent Accused—Acceptance—Conduct of Trial.

Indigent accused who was advised of his right to counsel but was unable to procure counsel of his own choice and who did not clearly waive his right to counsel is deemed to have accepted court-appointed counsel and accused was not then entitled to conduct his own trial (US Const, Ams 6, 14; Mich Const 1908, art 2, § 19; CL 1948, § 775.16, as amended by PA 1963, No 132).

4. Same—Conduct of Defense—Waiver of Right to Counsel.

An accused may conduct his own trial in person, if he has clearly waived his right to counsel or, having accepted counsel, has clearly discharged him, but may not conduct his own trial while he has counsel (US Const, Ams 6, 14; Mich Const 1908, art 2, § 13).

5. Same—Court's Remarks to Jury—Prejudice—Defendant's Outbursts.

Trial court's remarks to jury relative to defendant's outbursts occasioned by his dissatisfaction with court-appointed counsel, *held*, not shown to have been prejudicial, where it appears the court and counsel for defendant made every effort to advise and protect him and to control his outbursts (US Const, Ams 6, 14; Mich Const 1908, art 2, § 19; CL 1948, § 775.16, as amended by PA 1963, No 132).

6. Same — Mistrial — Defendant's Outbursts — Discretion of Court.

Denial of mistrial in prosecution for larceny in a store, wherein defendant was represented by court-appointed counsel, *held*, not an abuse of discretion by trial judge after defendant made several outbursts that disrupted proceedings, where trial judge instructed jury to disregard such outbursts (CL 1948, § 750-.360).

7. Same—Larceny—Due Process—Defendant's Outbursts.

Record presented on appeal from conviction of larceny in a store *held*, to show that defendant was accorded due process and was convicted after a fair and impartial trial notwithstanding his behavior occasioned by his dissatisfaction with court-appointed counsel (CL 1948, § 750.360).

Appeal from Recorder's Court; O'Hara (John P.), J. Submitted Division 1 May 11, 1965, at Lansing. (Docket No. 60.) Decided September 20, 1965.

Walter LaMarr was convicted of larceny in a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Lawrence W. Massey,* and *Walter LaMarr, in propria persona,* for defendant.

LESINSKI, C. J.   Defendant, Walter LaMarr, appeals a jury conviction in the recorder's court for the city of Detroit for violation of CL 1948, § 750.360 (Stat Ann § 28.592) the crime of larceny in a store.

Defendant was arraigned on December 23, 1963. Counsel was then appointed by the court and appearance filed on December 27, 1963. On January 2, 1964, defendant was examined in open court and bound over for trial. On February 4, 1964, the day of trial, after the jury had been impaneled and before any testimony was taken, the defendant informed the trial judge that he did not want to be represented by the attorney appointed by the court but wanted to obtain counsel of his own. A conference was immediately held between the court and defendant, defendant's counsel, and defendant's mother out of the presence of the jury and court reporter. No record of this conference was made.

The case proceeded to trial with defendant being represented by the court-appointed attorney. During the trial, there were several outbursts from defendant who continued to display his dissatisfaction in proceeding with the assigned counsel. Each time the judge overruled defendant's objections. Defendant subsequently was found guilty and sentenced to

a term of 3 to 4 years at the State Prison of Southern Michigan at Jackson.

Defendant's appeal is based on allegations that the due process clause of the Fourteenth Amendment to the United States Constitution guarantees to an accused representation in court by an attorney of his own choosing, and that an indigent person is in fact denied equal protection of the law when he cannot have as defense counsel an attorney who might be available to him if he could afford to hire said counsel. Defendant further contends that certain remarks by the trial judge in his closing statement to the jury referring to defendant's outbursts occasioned by his dissatisfaction with court-appointed counsel were prejudicial.

This Court does not find merit in defendant's contention that he has the right to name counsel that is to be assigned to his defense. The Michigan constitutional guarantee of the right to representation by counsel, Const 1908, art 2, § 19, and CL 1948, § 775.16, as amended by PA 1963, No 132 (Stat Ann 1963 Cum Supp § 28.1253), does not limit appointment of counsel for an indigent person to a practitioner selected by the accused. *People* v. *William L. Thomas* (1965), 1 Mich App 118; *People* v. *Kotek* (1943), 306 Mich 408.

Michigan is a forerunner in the advancement of the principle that an indigent defendant is entitled to have counsel appointed to conduct his defense at the expense of the people. See PA 1857, No 109.

On June 4, 1947, the Supreme Court of this State first adopted a rule wherein counsel would be appointed if an accused was without funds. Court Rule No 35A (1945),[1] GCR 1963, 785.3(1). This provision was continued as a part of the basic law of

---

[1] Added June 4, 1947, effective September 1, 1947, 318 Mich xxxiv.—
REPORTER.

the State with the adoption of the Michigan Constitution, Const 1963, art 1, § 20.

In 1963 the United States Supreme Court speaking on the question held that the due process clause of the Fourteenth Amendment of the United States Constitution (U S Const, Am 14), makes applicable to all the States the guarantee of the Sixth Amendment of the United States Constitution (U S Const, Am 6), which provides for defendant's assistance of counsel in criminal prosecution. *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L ed 2d 799).

This matter was summarized well in the case of *Rogers* v. *United States* (CCA 10, 1963), 325 F2d 485, 488:

"The right to counsel by an indigent accused of crime embraces the right to representation at all times and during all proceedings where the fundamentals of due process are involved. He has a right to be cautioned, advised, and served by counsel so that he will not be a victim of his poverty. *But he has no right to continuous service, nor to counsel of his choice, nor to dictate the procedural course of his representation.*" Emphasis supplied.

This Court concurs.

This Court further recognizes the right of the defendant to be represented by his own person after having been advised of his right to counsel. However, this right does not permit the defendant to conduct his own trial if he accepts counsel. If defendant clearly waives his right to counsel, he may conduct his own trial.[2] This was not the case in the matter before us.

---

[2] Const 1908, art 2, § 12 provides: "Any suitor in any court of this State shall have the right to prosecute or defend his suit, either in his own proper person or by an attorney or agent of his choice." See, currently, Const 1963, art 1, § 13.—REPORTER.

We go on to defendant's claim that certain remarks by the trial judge in his closing statement to the jury referring to defendant's outbursts occasioned by his dissatisfaction with court-appointed counsel were prejudicial.

In its instructions to the jury, the court stated:

"Now, it is unfortunate that some incidents have occurred here that ordinarily do not occur in a courtroom. I have proceeded with the case in spite of those because if every time a person decided that he didn't want to be tried he could avoid being tried by just creating a disturbance or refusing to proceed, no cases would ever be completely tried. If that was a reason for stopping a trial and declaring a mistrial, any defendant in any case could just act like that and get out of being tried. If that were looked upon as a reason for stopping the trial of a case, why I can't understand how any case ever would be tried. Nobody ever could be found guilty or not guilty because if you had to declare a mistrial every time a defendant, of his own volition, began to discuss matters in front of a jury, you can see for yourselves that you never would get a case tried.

"Now, I don't think I will say anything more about it but it has happened. It is unusual and it doesn't ordinarily happen but I also want to say to you that I don't think you should allow any incident that has occurred out of the ordinary to affect your judgment in this matter. You should perform your duty as jurors just the same as if nothing had occurred."

This statement and a review of the full proceedings in this case satisfy this Court that defendant was accorded due process and was convicted after a fair and impartial trial notwithstanding his behavior. The court and counsel for defendant made every effort to advise and protect defendant and to control his outbursts. In so doing they showed judicial fortitude and remarkable patience.

Although infrequent, this is not a new problem
for a trial court.   In a recent case the court found
it necessary to gag and shackle a defendant after
he climbed into the jury box, pushed jurors and
threw a chair at the district attorney.   It was held
on appeal that there was no abuse of discretion in
refusing to declare a mistrial.   Judge O'Hara had
instructed the jury to ignore the disturbances.
*United States* v. *Bentvena* (CA 2, 1963), 319 F2d
916, certiorari denied 375 US 940 (84 S Ct 345, 346,
353, 355, 360, 11 L ed 2d 271, 272).

Conviction affirmed.

BURNS and HOLBROOK, JJ., concurred.