**Richard Lee INGLE, Petitioner,**

v.

**Cletus J. FITZHARRIS, Respondent.**

No. 44336.

United States District Court
N. D. California.

April 11, 1968.

## MEMORANDUM OPINION AND ORDER

GEORGE B. HARRIS, District Judge.

Petitioner, Richard Ingle, is presently on parole, having been released from the correctional facility at Soledad, California. The several questions presented, therefore, are not moot or academic. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

This court denied the petition for writ of habeas corpus after consideration of the views of the Supreme Court of California in People v. Ingle, 53 Cal.2d 407, 2 Cal.Rptr. 14, 348 P.2d 577, and after an independent examination of the trial record.

In disposing of the issues tendered, we said:

"As for petitioner's remaining contentions, this court, after an independent examination of the record, finds itself in agreement with the views expressed by the Supreme Court of California. Peo. v. Ingle, 53 Cal.2d 407, [2 Cal. Rptr. 14] 348 P.2d 577 (1960). Petitioner was not denied his right to counsel for the reason that he made a knowing and voluntary waiver of such right. Nor was he denied compulsory process for obtaining witnesses. As stated by the California Supreme Court: 'The record is devoid of anything to show that the trial court was at any time cognizant of or refused to honor the request for process.' 53 Cal.2d at 417 [2 Cal. Rptr. 14, 348 P.2d 577]."

Thereafter, the United States Court of Appeals for the Ninth Circuit reversed and remanded for an evidentiary hearing. Ingle v. Fitzharris, 375 F.2d 398. In view of this mandate witnesses were called before this court* and the matter was argued orally. Judge Gregory P. Maushart, the trial judge, died before the hearing.

---

Murphy & Patterson, by John J. Murray, San Francisco, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., by Ronald H. Kearney, Deputy Atty. Gen., San Francisco, Cal., for respondent.

* In addition to the petitioner Ingle, the following witnesses were called, and testified:
Armando Garcia; David P. Barcroft, Esq., attorney appointed by the Superior Court to represent petitioner; and Edwin H. Chidlaw, Assistant District Attorney.

The United States Court of Appeals required the re-examination of several issues and held in effect:

(a) "Appellant alleged facts outside the state trial record implicating the prosecuting attorney in the denial to appellant of a reasonable opportunity to obtain trial witnesses. * * *"

(b) "The issue of waiver could not be resolved against appellant on the basis of the state trial record alone."

■ A. The testimony developed during the course of the evidentiary hearing disclosed affirmatively that the Clerk of the Superior Court and the District Attorney made available the processes of the court. The testimony was convincing to the extent that trial counsel representing petitioner withdrew this charge, as it was demonstrated to be without factual foundation and was obviously injected by petitioner in order to assure an evidentiary hearing.

This practice on the part of inmates has been commented upon on several occasions. Needless to say, the practice involves the district courts in an endless legal charade.

B. After the lapse of approximately ten years this court is asked to review the propriety of judicial conduct and the tactics of defense counsel. Defense counsel had earned a rather enviable reputation in the criminal field, according to the testimony elicited. Although there was bickering between petitioner Ingle and counsel, formal dissatisfaction was not expressed nor otherwise made known to the trial judge until the very morning of trial, with a jury in attendance. It is fairly manifest that several prior occasions were available to petitioner wherein he could have presented his dissatisfaction to the trial judge and requested other counsel,—this well in advance of trial. However, as already disclosed, it was not until the jury was drawn and the case ready to proceed that the trial judge was confronted with the procedural problem. Defense counsel was perhaps dogmatic in his approach and dealings with petitioner. This is quite understandable in view of the impractical and improvident suggestions made by his client.

Petitioner saw fit to dismiss his appointed counsel with full knowledge that he would have to undertake the defense himself. The able trial judge was clear, explicit and firm in his explanation to the defendant of all of the dangers inherent in self-representation. Conceivably, in the light of a tenuous defense, or no defense at all, the injection of possible reviewable error no doubt proved inviting to petitioner.

■ Petitioner had the burden of proving that the decision to represent himself did not constitute a voluntary waiver of his right to counsel. The material allegations of the petition have been clearly contradicted by sound testimony to the contrary. Redd v. Peyton, D.C., 270 F.Supp. 757; Beasley v. Wilson, 9 Cir., 370 F.2d 320 at 322; Cost v. Boles, D.C., 272 F.Supp. 39.

■ Petitioner's objections to appointed counsel were unrealistic and without cause. The trial judge's directive and mandate to either accept counsel Barcroft or proceed alone was entirely proper under all the circumstances confronting the court and the defendant. A defendant who dismisses counsel without good cause is not entitled to the appointment of new counsel. United States v. Llanes, 2 Cir., 374 F.2d 712; United States v. Burkeen, 6 Cir., 355 F.2d 241.

■ Ingle's primary, and perhaps main source of complaint with Barcroft, centered around the latter's refusal to subpoena Armando Garcia, a co-defendant who had pleaded guilty. During the course of the evidentiary hearing, Barcroft testified that he refused to call Garcia because he was convinced that he would perjure himself. This conviction was borne out when Garcia admitted that he in fact had planned to lie in an attempt to clear Ingle. Moreover, it could fairly be inferred from the evidence that Ingle and Garcia had conspired to suborn perjury. In light of these facts, Barcroft,

far from being incompetent, had a duty not to call Garcia.

■ Petitioner further alleged that counsel failed to conduct an adequate pre-trial investigation. Specifically, petitioner claims that counsel did not go to the scene of the crime and did not interrogate possible witnesses. The evidence adduced, although not evincing an exhaustive investigation, certainly does not support a finding that Barcroft was derelict in his pre-trial preparation. To the contrary, no affirmative showing was made that additional investigation would have aided petitioner, who, at best, had a tenuous defense.

■ Other objections raised by the petitioner, such as counsel's failure to present a motion for dismissal pursuant to Section 995 of the California Penal Code, or counsel's conduct of the preliminary hearing, present questions of trial tactics. It cannot be said that these tactical decisions in any sense denied petitioner the effective aid of counsel. All material objections were presented to the trial court, and fully reviewed on appeal.

■ Thus, the several salient contentions of Ingle were dissipated and demolished during the course of the evidentiary hearing and demonstrated to be without any factual foundation. Ingle failed to prove that his objections to appointed counsel were valid. His decision to dismiss counsel and proceed alone, therefore, constituted a knowing and voluntary waiver of his right to legal representation. Johnson v. United States, 8 Cir., 318 F.2d 855.

William J. Murphy, Esq., was appointed by this court to represent petitioner in connection with matters pending, and particularly during the course of the evidentiary hearing. The court desires to commend attorney Murphy for the industry, talent and vigor displayed. Also, appropriate comment should be made of the lawyer-like approach manifested by Robert H. Kearney, Esq., Deputy Attorney General.

The Attorney General of the State of California on behalf of the above named respondent, is directed to present an order and judgment herein consistent with the foregoing.

