PEOPLE *v.* EDWARDS

1. CRIMINAL LAW—DEFENSE—APPOINTED COUNSEL—WAIVER OF APPOINTED COUNSEL.

Allegation of indigent criminal defendant that the trial court's refusal to permit him to choose between going to trial with appointed counsel or *in propria persona* was erroneous, *held,* without merit, where the record does not disclose any unwillingness on the court's part to permit a defense *in propria persona* or any expression by defendant that he wished to proceed without an attorney and where defendant, aware of available alternatives, had the opportunity before trial to make his decision known or, if undecided, convey his indecision to the court.

2. CRIMINAL LAW—DUE PROCESS—ASSISTANCE OF COUNSEL—INDIGENT DEFENDANT—SELECTION OF COUNSEL.

The right of an indigent defendant to assigned counsel does not give such a defendant the right to an attorney of his own choosing.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 310.
[2] 21 Am Jur 2d, Criminal Law § 318 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 308,

3. CRIMINAL LAW—SENTENCE—PRESENCE OF COUNSEL.
　　Indigent defendants are entitled to effective appointed counsel
　　　　at the sentencing procedure but it is not an *ipso facto*
　　　　denial of the right to counsel where counsel other than the
　　　　attorney who represented defendant at trial is substituted
　　　　during the sentencing procedure; counsel's effectiveness at
　　　　the sentence proceeding is not determined by his participation
　　　　at trial.

Appeal from Kent, John T. Letts, J.   Submitted
Division 3 May 7, 1969, at Grand Rapids.   (Docket
No. 5,660.)   Decided July 31, 1969.

Eddie Edwards was convicted of felonious as-
sault.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney and *Robert J. Stephan,* As-
sistant Prosecuting Attorney, for the people.

*Fred D. Falkinburg,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and
V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   Defendant, Eddie Edwards,
was charged with felonious assault and tried before
a Kent county circuit judge sitting without a jury.
Shortly before the trial began, defendant requested
the court to appoint different counsel as he was
dissatisfied with his court-appointed attorney's
preparation for trial.  The trial court inquired into
the possible causes of his discontent, found none of
merit, and told defendant that his attorney was
capable of conducting an adequate defense.  The
trial court also informed defendant that he could
either dismiss his attorney and defend himself, or
he could continue with said counsel.

Counsel remained and defended Edwards without his objection. The judge found Edwards guilty and subsequently sentenced him to a term of 2–1/2 to 4 years. An associate of the court-appointed attorney represented Edwards during the sentencing proceeding, as the court-appointed attorney had fallen seriously ill. Edwards did not object to the substitution.

On appeal Edwards assigns as error an alleged refusal by the trial court to permit him to choose between continuing with the appointed attorney and defending himself. This allegation is unfounded. The record does not disclose an unwillingness on the trial court's part to permit a defense *in propria persona,* nor does it contain an expression by defendant of a desire to represent himself. Aware of the alternatives open to him, defendant had sufficient opportunity, before the trial began to make his decision known, or, if he was undecided, to communicate his indecision to the court.

Defendant also contends the trial court erred by denying his request for a different attorney, although he does not maintain that his trial counsel was incompetent. The right to assigned counsel does not extend to counsel of the indigent defendant's own choosing. *People* v. *LaMarr* (1965), 1 Mich App 389. Therefore the denial of appellant's request does not constitute error.

Defendant seeks to be resentenced, claiming he was denied due process of law by reason of his trial counsel's absence during the sentencing proceeding.

The indigent defendant is entitled to the benefit of effective appointed counsel at the sentencing proceeding. *People* v. *Dye* (1967), 6 Mich App 217; *People* v. *Theodorou* (1968), 10 Mich App 409. The effectiveness of counsel's assistance at the sentencing proceeding is not determined, however, by his

participation at the trial. Thus the substitution of the associate does not *ipso facto* constitute a denial of the right to counsel.

A need for resentencing is not apparent here. Defendant does not contend that the substitute was incompetent or unprepared. Moreover, the trial court inquired into the existence of mitigating circumstances, and defendant was responsive to the questioning.

Affirmed.

All concurred.