PEOPLE v WILSON

OPINION OF THE COURT

1. CRIMINAL LAW—APPOINTED COUNSEL—SUBSTITUTION.

Substitution of appointed counsel is within the trial judge's discretion when discharge of the first attorney is for good cause and does not disrupt the judicial process.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—WAIVER.

Proceeding *in propria persona* does not amount to a voluntary waiver of the right to counsel where the trial judge, without evaluating the claims of defendant in his motion for substitution of appointed counsel, denies the motion and directs the defendant to accept the originally appointed attorney or proceed *in propria persona*.

3. CRIMINAL LAW—APPOINTED COUNSEL—SUBSTITUTION—DISCRETION.

Denial of defendant's request for substitution of court-appointed counsel constituted an abuse of discretion where the trial judge failed to investigate defendant's claim that counsel had not made himself available to discuss the case or to prepare an adequate defense, the relationship was so strained that communication between the parties had ceased, the trial judge received timely notice of defendant's dissatisfaction with counsel, and the judicial process would not have been subverted by the appointment of new counsel.

4. CRIMINAL LAW—DEFENDANT TESTIFYING—CROSS-EXAMINATION—PRIOR CONVICTION.

A defendant testifying for himself in a criminal case may not be

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 321.
[2] 21 Am Jur 2d, Criminal Law §§ 310, 311.
[4] 58 Am Jur, Witnesses § 621.
[5, 6] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 49.
Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant, 96 ALR2d 768.

cross-examined about a vacated conviction to test his credibility.

5. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.

A defendant's juvenile record may not be considered by the trial court for sentencing purposes.

CONCURRENCE IN PART, DISSENT IN PART BY DANHOF, J.

6. CRIMINAL LAW—SENTENCE—JUVENILE RECORD.

*It is permissible for the trial judge to consider the defendant's juvenile record for sentencing purposes; the statute is not clear, this is the established rule, and any attempted change should be left to the Legislature or the Supreme Court.*

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 June 6, 1972, at Lansing. (Docket No. 12735.) Decided October 25, 1972.

Eugene Wilson was convicted of robbery armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Joel B. Saxe* and *William Coppel,* Assistant Prosecuting Attorneys, for the people.

*Terrance P. Sheehan,* for defendant on appeal.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BRONSON, P. J. Defendant was convicted by jury verdict of robbery armed. MCLA 750.529; MSA 28.797. From this conviction he appeals, raising three allegations of error. Finding only two issues meritorious, we limit our discussion to them.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant alleges that the trial judge committed reversible error in failing to discharge his court-appointed attorney and replace him with new appointed counsel. The facts giving rise to this claim have led us through the entire record and lower court file.

Evidence of defendant's dissatisfaction with appointed counsel appeared during his preliminary examination and continued until the trial judge permitted counsel to be discharged. Defendant complained that counsel had not made himself available to discuss the case at length or prepare an adequate defense, and failed to work for his best interests. Defendant further informed the trial judge that the attorney-client relationship was strained to the extent that communications between the parties had ceased. Although defendant's sole defense rested upon alibi, he was afraid to disclose the names of such potential witnesses, believing that his attorney was conspiring with the prosecutor.

The truth of these allegations cannot be determined upon the inadequate record presented, yet we find that they are serious. The trial judge refused to consider the merits of defendant's complaints, replying that defendant had been appointed competent counsel and he had no right to an attorney of his choice. He then directed defendant to accept this appointed attorney or proceed *in propria persona,* and defendant reluctantly accepted the latter choice.[1]

The trial judge's conclusion that an indigent defendant had no right to appointed counsel of his choice is a correct statement of law. *People v*

---

[1] The coercive effect of such a mandatorily imposed choice without the benefit of an evaluation of his claims negates any contention that defendant voluntarily waived his right to counsel.

*Kotek,* 306 Mich 408 (1943); *People v William L. Thomas,* 1 Mich App 118 (1965); *People v LaMarr,* 1 Mich App 389 (1965); *People v Edwards,* 18 Mich App 526 (1969). This rule cannot be deemed controlling since the dominant purpose of defendant's request was merely to obtain a substitution, not a substitution of a particular attorney acceptable to him. A defendant in a Federal court is entitled to a substitution of appointed counsel when discharge of the first attorney is for "good cause" and does not disrupt the judicial process. *United States v Burkeen,* 355 F2d 241 (CA 6, 1966), *cert den sub nom Matlock v United States,* 384 US 957; 86 S Ct 1582; 16 L Ed 2d 553 (1966); *Ingle v Fitzharris,* 283 F Supp 205 (ND Cal, 1968).[2] We approve of this standard and apply it to Michigan defendants. Similar to cases in which defendants voluntarily choose to proceed *in propria persona,* we leave the administration of this standard to the sound discretion of the trial judge, subject to review for abuse. *People v Garcia,* 39 Mich App 45 (1972); *People v Bruno,* 30 Mich App 375 (1971).

In the present case the trial judge failed to investigate defendant's claims or exercise his discretion. His conclusion that appointed counsel was competent was unresponsive to defendant's allegation regarding the inadequacy of counsel's performance and the destruction of communication and confidence between the parties. Appellate counsel has procured an affidavit from appointed counsel attesting to the deterioration of the attorney-client relationship. The trial judge received timely notice of defendant's dissatisfaction with counsel and the judicial process would not have been subverted by the appointment of new coun-

---

[2] This right to substitution of appointed attorneys in Federal courts is currently codified in 18 USC 3006A(c). See *United States v White,* 451 F2d 1225 (CA 6, 1971).

sel. A meticulous review of the record leads us to the conclusion that the trial judge's denial of defendant's request constituted an abuse of discretion. Defendant's conviction must be reversed and the case remanded for new trial.

Defendant raises a second allegation of error which further discloses his need to be represented below. He contends that the prosecutor committed reversible error by cross-examining him with regard to a vacated conviction. This type of impeachment was clearly rejected in *People v Crable,* 33 Mich App 254 (1971). The error was compounded by the trial judge's instruction that the conviction could be considered as bearing upon defendant's credibility. Had defendant been represented by counsel, knowledge of the vacated conviction would have been denied the jury by a timely objection or proper jury instruction. We are confident that repetition of this error at new trial will be eliminated with the assistance of counsel.

Our reading of the record discloses an additional problem that may arise upon remand. The trial judge considered defendant's juvenile record for sentencing purposes and this procedure should no longer be permitted. *People v Bukoski,* 41 Mich App 498 (1972); *People v McFarlin,* 41 Mich App 116 (1972), *leave granted* 388 Mich 761 (1972). *Contra, People v Pence,* 42 Mich App 215 (1972). Since the trial judge has been exposed to this prejudicial information, we direct that retrial be heard before a new trial judge.

Reversed and remanded.

VAN VALKENBURG, J., concurred.

DANHOF, J., *(concurring in part, dissenting in part).* I am in agreement with the majority on all of the issues considered except the question of

considering the defendant's juvenile record for sentencing purposes. My reasons for dissent are twofold. First, I believe *People v McFarlin,* 41 Mich App 116 (1972), was wrongly decided. See *People v Pence,* 42 Mich App 215 (1972). Second, at the time *McFarlin* was decided it appeared well-settled that a sentencing judge could make use of a juvenile record. In my view the panel that decided *McFarlin* should have limited themselves to expressing dissatisfaction with the rule and left any attempted change to the Legislature or the Supreme Court. There is certainly room for disagreement on the wisdom of the statute and the language employed by the Legislature is something less than crystal clear. Since the matter is certainly not one of correcting a clear and obvious error and the matter does not seem to rise to constitutional dimensions we should adhere to the pre-*McFarlin* cases allowing the use of a juvenile record. By so doing we could avoid a situation such as the one we have now where a trial judge, no matter how diligent his research, simply cannot tell what the law is. In the words of Mr. Justice Brandeis, dissenting in *Burnet v Coronado Oil & Gas Co,* 285 US 393; p 52 S Ct 443; 76 L Ed 815 (1932):

"Stare decisis is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than that it be settled right. (Citations omitted.) This is commonly true even where the error is a matter of serious concern, provided correction can be had by legislation."