**CITY OF RIVERSIDE, Plaintiff and Appellee,**

v.

**Linda Sue SMUDA, Defendant and Appellant.**

**Crim. No. 941.**

Supreme Court of North Dakota.

Oct. 31, 1983.

Loren D. Jones, Asst. City Atty., Fargo, for plaintiff and appellee.

Edward J. Murphy, Fargo, for defendant and appellant.

ERICKSTAD, Chief Justice.

The defendant, Linda S. Smuda, appealed from a sentence imposed by the County Court of Cass County after she was found guilty by a jury of the offense of criminal mischief, a violation of a City of Riverside municipal ordinance. We dismiss the appeal.

Smuda was convicted originally in municipal court. She was fined $75 and ordered to make restitution for damages resulting from the commission of the offense in the amount of $78.12. Smuda thereafter appealed the conviction to the county court as permitted by Section 40–18–19, N.D.C.C., and Rule 37, N.D.R.Crim.P., and received a trial anew in county court. A jury returned a verdict of guilty. She was sentenced by the county court to 30 days in the county jail which sentence was suspended for one year, fined $250, ordered to make restitution in the amount of $78.12, and ordered to pay costs of her prosecution in the amount of $250.

Smuda appealed the sentence to this Court contending it was improper for the county court to impose a harsher sentence than was imposed by the municipal court on the original conviction. She contends that a defendant may be reluctant to appeal and obtain a trial anew and a trial by jury if the possibility exists that a harsher sentence than that imposed by the municipal court may be imposed by the county court. This risk, she contends, places a chill upon the right to trial by jury.

■ Our first inquiry in this matter must be a determination of whether or not we have jurisdiction to hear this appeal. It is the duty of this Court to dismiss an appeal on our own motion if we conclude that the attempted appeal fails for lack of jurisdiction in this Court to hear the appeal. *State v. Lawson,* 321 N.W.2d 514, 515 (N.D.1982); *Trautman v. Keystone Development Corporation,* 156 N.W.2d 817, 819 (N.D.1968).

■ The right of appeal is purely statutory; thus, the Legislature of this state basically determines what is appealable. *Fey v. Fey,* 337 N.W.2d 159, 160 (N.D.1983); *Trehus v. Job Service of North Dakota,* 336 N.W.2d 362, 363 (N.D.1983); *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73, 75 (N.D.1981). An examination of Section 29–28–06, N.D.C.C., reveals no provision authorizing a defendant to take an appeal from a sentence imposed by a county court.[1]

In *Jefferson Park Books, Inc., supra,* we considered whether or not an appeal was authorized from an order denying the defendant a reduction of sentence pursuant to Rule 35, N.D.R.Crim.P., where the defendant's argument on appeal centered on the validity of its sentence. We concluded that an appeal from an order denying a reduction in sentence was not authorized, based upon certain indications that the Legislature did not intend a sentence to be appealable. Our conclusion was based, in part, on the defeat in the 1979 Legislative Assembly, of a bill which, if enacted, would have authorized an appeal from a sentence only.

■ There exists no statutory authority in North Dakota for an appeal from a sentence imposed by a county court as a result of a conviction for the violation of a municipal ordinance. Consequently, the appeal of Smuda must be dismissed.

We take this opportunity, however, for the sake of judicial economy, to comment briefly on the question raised by Smuda because the question raised has previously been considered by this Court. *See State v. Koehmstedt,* 297 N.W.2d 315, 316–18 (N.D. 1980).

1. Section 29–28–06, N.D.C.C., reads as follows:
   "An appeal may be taken by the defendant from:
   1. A verdict of guilty;
   2. A final judgment of conviction;
   3. An order refusing a motion in arrest of judgment;
   4. An order denying a motion for a new trial; or
   5. An order made after judgment affecting any substantial right of the party."

Section 40–18–19, N.D.C.C., insofar as it is pertinent to the issue, reads:

"An appeal may be taken to the district court or the county court from a judgment of conviction in a municipal court in accordance with the North Dakota Rules of Criminal Procedure.... An appeal to the district court or county court, when perfected, transfers the action to such court for trial anew."

A defendant is not entitled, under the North Dakota two-tier system, to a trial by jury at the municipal court level. Section 40–18–15, N.D.C.C. The system does, however, afford a defendant in a criminal action a trial by jury in county court. Section 27–07.1–31, N.D.C.C.

Article I, Section 13, of the Constitution of the State of North Dakota provides in part: "The right of trial by jury shall be secured to all, and remain inviolate." This constitutional provision "neither enlarges nor restricts ... [the right of trial by jury] but merely preserves it as it existed at the time of the adoption of our constitution." *In re R.Y.*, 189 N.W.2d 644, 651 (N.D.1971). The Sixth Amendment to the United States Constitution also preserves the right to trial by jury. In *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court concluded "that trial by jury in criminal cases is fundamental to the American scheme of justice," and thus held that the Fourteenth Amendment guarantees a right of jury trial in all state criminal trials involving serious crimes.

■ Smuda does not contend, however, as acknowledged during oral argument, that her right to a trial by jury was infringed because a trial by jury is not available in municipal court. Rather, her argument centers on the effect of the two-tier system;

whether it unconstitutionally burdens the exercise of the right to trial by jury, available in the county court, because the possibility or risk of receiving a harsher sentence exists if a trial anew is pursued from a conviction in municipal court pursuant to Section 40–18–19, N.D.C.C.

This Court has previously considered the validity of imposing a sentence in a trial anew, more severe than that imposed by the original court, and held that such a sentence did not violate the defendant's right to trial by jury. *State v. Koehmstedt, supra,* 297 N.W.2d at 316–18.

The defendant in *Koehmstedt, supra,* was convicted in county justice court of driving while under the influence of intoxicating beverages. He appealed the conviction to the district court pursuant to Section 33–12–34, N.D.C.C.,[2] and Rule 37, N.D.R. Crim.P., and received a trial anew in the district court. He was found guilty by a jury and received a sentence more severe than that imposed by the county justice court. The issue addressed in *Koehmstedt, supra,* is the precise issue Smuda raised in her attempted appeal. In *Koehmstedt, supra,* we relied on *Ludwig v. Massachusetts,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), wherein the United States Supreme Court held that the Massachusetts two-tier system did not violate the defendant's Fourteenth Amendment right to a trial by jury. The two-tier system established by Section 40–18–19, N.D.C.C. is similar to the Massachusetts two-tier system construed in *Ludwig.* The Massachusetts procedure made no provision for a trial by jury in the first tier, and the second tier consisted of a trial *de novo,* which is the equivalent of a trial anew in North Dakota, before a jury in a different court.

We believe the conclusions reached in *Koehmstedt, supra,* although construing the validity of an appeal from county justice court, are fully applicable to the two-tier system provided for by Section 40–18–19, N.D.C.C., for an appeal from a conviction in municipal court.

2. Section 33–12–34, N.D.C.C., was repealed by the Legislature, effective January 1, 1983, as a result of revisions of the county court structure. It provided in part:

"An appeal may be taken from a judgment of a county justice or a municipal judge sitting as a county justice, to the district court ... by the defendant upon both questions of law and fact ...."

The appellant's argument in *Ludwig, supra,* included the issue raised by Smuda; whether or not the two-tier procedure unconstitutionally burdens the exercise of the right to trial by jury "by subjecting an accused to a potentially harsher sentence if he seeks a trial *de novo* in the second tier." The Supreme Court answered the question in the negative:

"The question whether the possibility of a harsher sentence at the second tier impermissibly burdens the exercise of an accused's right to a trial by jury is controlled by the decisions in *North Carolina v. Pearce,* 395 U.S. 711 [, 89 S.Ct. 2072, 23 L.Ed.2d 656] (1969), and *Colten v. Kentucky,* 407 U.S. 104 [, 92 S.Ct. 1953, 32 L.Ed.2d 584] (1972). These cases establish that the mere possibility of a harsher sentence does not unconstitutionally burden an accused's right to a trial by jury. In *Pearce,* a new trial was sought, by taking an appeal, because of error at the first trial. In *Colten,* a new trial was sought in order to secure more ample safeguards available at the higher tier. We see no need to reach a different result here where a new trial is sought in order to obtain a jury. Due process is violated only by the vindictive imposition of an increased sentence. The Court in *Colten* held that the danger of such sentencing does not inhere in the two-tier system. 407 U.S., at 112–119 [92 S.Ct., at 1958–1961]." [Footnotes omitted.] *Ludwig, supra,* 427 U.S. at 627, 96 S.Ct. at 2786, 49 L.Ed.2d at 739–40.

We also concluded, in *Koehmstedt, supra,* that there was no evidence of vindictiveness, that is, a hazard of the defendant being penalized for seeking a new trial, as was the case in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in the North Dakota two-tier system established by Section 33–12–34, N.D.C.C. Our observations made in *Koehmstedt, supra,* are also applicable to Section 40–18–19:

"We believe it is a recognized fact that judges on the same level will impose different sentences. This has prompted efforts on the part of the legal profession to develop more uniform sentencing.

The fact that judges are not uniform in sentencing has given rise to what is known as 'judge shopping'. Also, efforts are being made to eliminate unwarranted discrepancies. Be that as it may, we cannot on that basis conclude that constitutional rights have been violated. In the instant case we find it significant that the new trial was before a different court and a different judge.

"No reason has been presented, and we are not aware of any, why a different judge at a trial anew, for vindictive reasons, would impose a harsher sentence simply because the defendant appealed and obtained a trial anew. The evidence at the new trial may bring to light facts which would indicate a greater need for a harsher sentence than the facts that were presented at the initial or original trial." *Koehmstedt, supra,* 297 N.W.2d at 317.

In *Ludwig, supra,* the Supreme Court also held that the two-tier system did not unconstitutionally burden the exercise of the right to trial by jury by imposing the financial cost of an additional trial or by imposing the increased psychological and physical hardships of two trials.

In *Koehmstedt, supra,* we noted that the harsher sentence received in the district court was within the limits prescribed by law. Smuda contended, during oral argument, that the county court erred in failing to comply with the mandatory sentencing procedures in Section 12.1–32–02(5), N.D. C.C., which reads:

"All sentences imposed shall be accompanied by a written statement by the court setting forth the reasons for imposing the particular sentence. The statement shall become part of the record of the case."

The sentencing alternatives of Section 12.1–32–02, even those alternatives other than a fine or imprisonment, may be utilized for imposing sentence for the violation of a city ordinance. Section 40–05–06, N.D. C.C. The issues raised as a result of Smuda's argument are whether or not compliance with Section 12.1–32–02(5) is required of a court utilizing the sentencing alterna-

tives pursuant to Section 40–05–06 and, if so, the effect of noncompliance with the requirement. Although we note that these issues are pertinent, they have not been briefed or argued by the parties, and we do not decide them today.

Having concluded that Smuda's appeal from her sentence is not authorized by statute, her appeal is dismissed.

VANDE WALLE, SAND and PEDERSON, JJ., and PAULSON,* Surrogate Justice, concur.

---

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section

27–17–03, N.D.C.C.