PEOPLE v PHILLIPS

CRIMINAL LAW—DEFENSES—INTOXICATION—INSTRUCTIONS TO JURY—INTENT.

> An instruction to the jury on intoxication which limits them to acquittal of the defendant only if they find he was intoxicated to such an extent that he was not conscious of what he was doing or why he was doing it is reversibly erroneous because it precludes a finding that the defendant did not harbor the necessary felonious intent for reasons other than being unconscious of what he was doing.

Appeal from Cass, James E. Hoff, J. Submitted Division 3 November 12, 1974, at Grand Rapids. (Docket No. 17066.) Decided November 25, 1974.

Benn Phillips was convicted of assault with intent to commit murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael E. Dodge,* Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and CARLAND,* JJ.

R. B. BURNS, J. Benn Phillips, also known as Walker Phillips, was found guilty by a jury of

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 743.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

assault with intent to commit murder, contrary to MCLA 750.83; MSA 28.278. On appeal this Court reversed that conviction and remanded for a new trial. *People v Phillips,* 37 Mich App 242; 194 NW2d 501 (1971). The defendant was subsequently retried and again found guilty as charged.

On appeal the defendant claims the trial judge erred in instructing the jury on intoxication as a defense to a specific intent crime. The challenged portion of the instruction is set out below.

"You would not, however, be justified in acquitting the defendant even though you find that he was intoxicated at the time of the commission of the offense, unless you find that he was intoxicated to such an extent from over-indulgence in intoxicating liquor that he was not conscious of what he was doing or why he was doing it."

The Supreme Court in *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), held that this identical instruction was erroneous. The vice of this instruction as determined by the Supreme Court is that it precludes a finding that the defendant did not harbor the necessary felonious intent for reasons other than being unconscious of what he was doing. *Crittle* is definitely applicable and the defendant's conviction is set aside and the case remanded for a new trial.

Since a retrial is mandated in this case, and since it is possible that several asserted errors might again arise, we address ourselves to them. On remand the trial court is instructed to hold a *Walker*[1] hearing to determine the voluntariness of the defendant's post-arrest statements. Also the prosecutor is cautioned to follow the dictates of

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

*People v Szczytko,* 390 Mich 278; 212 NW2d 211 (1973), and avoid any comment as to the disposition of the defendant under a finding of not guilty by reason of insanity.

Reversed and remanded for proceedings consistent with this opinion.

All concurred.