PEOPLE v PHILLIPS

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT OF WITNESSES—INFORMATION—STATUTES.

The prosecution is required by statute to indorse on the information the names of witnesses known to them at the time of the filing of the information and the names of additional witnesses may be indorsed before or during trial by leave of the court; this requires the prosecution to indorse only res gestae witnesses (MCLA 767.40; MSA 28.980).

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES.

A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT OF WITNESSES—PRESERVING ISSUE—MANIFEST INJUSTICE.

It is incumbent upon a defendant who alleges that the prosecution has failed in its duty to indorse res gestae witnesses to move for a hearing during trial or raise the issue by way of a motion for a new trial prior to seeking appellate review; where the defendant has failed to raise the issue by a motion for a new trial, he waives the issue for purposes of appeal and the Court of Appeals will review the issue only if failure to do so would result in manifest injustice.

4. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—CUMULATIVE TESTIMONY—TRIAL STRATEGY—HEARING.

Remand for a hearing to determine whether or not certain individuals were res gestae witnesses and whether their testimony would have been cumulative and whether or not the defense failed to pursue its right to produce these witnesses as

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

[2] 81 Am Jur 2d, Witnesses § 2.

[4] 29 Am Jur 2d, Evidence § 186.

[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[6] 5 Am Jur 2d, Appeal and Error §§ 518, 519.

a matter of trial strategy is necessary where the prosecution's failure to produce this evidence apparently played such an important part in the determination of guilt as to result in manifest injustice, but there is insufficient record to determine the status of the witnesses and the reasons why the defense failed to pursue its right to production of the witnesses.

5. APPEAL AND ERROR—PRESERVING QUESTION—EVIDENCE—IMPEACH-
MENT—MANIFEST INJUSTICE.

   Failure to object to alleged error because of the introduction of improper impeachment evidence precludes review of the issue by the Court of Appeals unless the error resulted in manifest injustice.

6. APPEAL AND ERROR—EVIDENCE—IMPEACHMENT—HARMLESS ERROR
—BENCH TRIAL.

   Error, if any, by way of improper impeachment evidence was harmless error where the case was tried before a judge and not a jury.

Appeal from Berrien, William S. White, J. Submitted April 13, 1977, at Grand Rapids. (Docket No. 28262.) Decided May 17, 1977.

Benn Phillips was convicted of assault with intent to commit murder. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert J. Derengoski,* Solicitor General, and *Michael E. Dodge,* Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and R. B. BURNS, JJ.

D. E. HOLBROOK, P. J. Defendant appeals as of right from his November 20, 1975, nonjury conviction of assault with intent to commit murder, MCLA 750.83; MSA 28.278. This was defendant's

third trial on this offense; two earlier jury convictions were reversed by this Court on the basis of erroneous jury instructions. 56 Mich App 607; 224 NW2d 656 (1974), and 37 Mich App 242; 194 NW2d 501 (1971), *lv den,* 386 Mich 789 (1972).

The instant case involves the shooting of a police officer. At trial defendant did not contest that he had shot the victim. Defendant's main defense was that he was too intoxicated to have formed the specific intent necessary for conviction. The prosecution did not deny that defendant had been drinking, however, the extent of his intoxication was a primary dispute at trial.

The issue with which we are primarily concerned is one of frequent claim on appeal, to wit: failure to endorse res gestae witnesses. MCLA 767.40; MSA 28.980, requires that the prosecution endorse on the information the names of witnesses known to them at the time of filing. The statute further provides that the names of additional witnesses may be endorsed before or during trial by leave of the court. This only requires the prosecution to endorse res gestae witnesses. *People v Hammack,* 63 Mich App 87; 234 NW2d 415 (1975). Our primary concern is whether the two witnesses are indeed res gestae witnesses.

In the instant case the officer was shot on June 12, 1969. This shooting occurred between 1:30 and 2 p.m. The state trooper who ultimately effectuated the arrest received on his radio at 1:58 p.m. a description of defendant's vehicle and notice of the crime. At the time of receiving the call the trooper was in the area of Constantine, Michigan. The trooper proceeded from that area to Union, Michigan, where defendant was arrested. This is a distance of approximately 15 miles. Thus, while it is not reflected in the record, it seems evident that

the arrest occurred very shortly after the shooting. It also seems apparent that the prosecutor at least during the trial was able to determine the names and addresses of the two individuals who assisted in defendant's arrest. The names and addresses of these witnesses, however, were apparently provided to defense counsel, but there was no specific request that they be produced for trial. However, prior to trial on October 28, 1975, defendant had moved for production of all res gestae witnesses.

In the absence of a hearing, it seems unlikely that this Court can safely conclude that the two witnesses were not res gestae witnesses. This seems so because the arrest occurred very shortly after the shooting. The two witnesses were in a position to observe whether defendant was intoxicated and that was the essential issue with respect to defendant's legal responsibility for the crime. Moreover, the trial court correctly viewed defendant's conduct after the shooting as a necessary part of the res gestae. In denying defendant's motion for a directed verdict at the close of plaintiff's case, the court stated:

"Now, admittedly, intent is difficult to establish directly and positively. People do not always disclose the reasons for the objects that they have in doing an act.

"It is impossible to look into the mind and conscience of another man. So when you look at the totality of the situation, the Court has the right, or the trier of the facts has the right, to look at the intent from all of the surrounding circumstances; what was said or done by the Defendant before, after and during such act.

"If the Defendant, at the time of the commission of the offense, was in a state of intoxication, even though self-induced, to the point that he could not harbor the requisite intent, then obviously he would not be guilty."

The testimony of these witnesses could have aided

the court. This Court in *People v Hadley*, 67 Mich App 688, 690; 242 NW2d 32 (1976), has held that:

"A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense."

Thus, the two witnesses herein were at least arguably res gestae witnesses.

Where a defendant alleges that the prosecutor failed in his duty to endorse res gestae witnesses, it is incumbent upon him to move for a hearing during trial or raise the issue by way of a motion for a new trial prior to seeking appellate review. *People v Robinson*, 390 Mich 629; 213 NW2d 106 (1973). This Court has frequently held that where defendant has failed to raise the issue by a motion for new trial, he waives the issue for purposes of appeal. *People v Folkes*, 71 Mich App 95; 246 NW2d 403 (1976), *People v Carpenter*, 69 Mich App 81; 244 NW2d 338 (1976), *People v Ebejer*, 66 Mich App 333; 239 NW2d 604 (1976). In the absence of a motion for a new trial this Court will only review the issue if failure to do so would result in manifest injustice.

The witnesses sought herein apparently had an opportunity to observe defendant's condition and add to the knowledge available as to the degree of his intoxication. Also they are apparently unbiased witnesses, bystanders whose aid the police officers sought. According to the limited amount of information available to us, these witnesses appeared to have been res gestae witnesses with a unique opportunity to provide relevant information bearing crucial importance in this case. Whether or not defendant was intoxicated so as to negate the

specific intent required for conviction was the issue of real dispute at trial. Failure to produce evidence apparently playing such an important part in the determination of guilt results in manifest injustice. Due to the unusual nature of this case, we order remand and excuse defendant's failure to move for new trial.[1]

The prosecution maintains that defendant failed to pursue his right to produce these witnesses as a matter of trial strategy. Furthermore, it is also contended that if these witnesses were res gestae witnesses their testimony was merely cummulative and does not require retrial. See *People v Jones,* 64 Mich App 659; 236 NW2d 531 (1975). These contentions may well be true, however, they necessarily require a finding of fact. Therefore, remand is required in the instant case in order to make a sufficient record and to allow the trial court to pass upon these important issues. If the trial court determines that the witnesses were not res gestae witnesses or that their testimony would have been merely cummulative, the conviction is affirmed. If the trial court determines that the witnesses were res gestae witnesses and that their testimony was not merely cummulative, the trial court shall reverse the conviction and order new

---

[1] Defendant additionally maintains that unavoidable procedural road blocks precluded a motion for new trial. Defendant contends that GCR 1963, 527.2 requires that a motion for new trial be made within 20 days after the entry of judgment, and that late appointment of appellate counsel precluded timely filing of a motion for a new trial. We point out that GCR 1963, 528.3 gives the trial court discretion to grant a late motion for new trial. *See People v Parker,* 393 Mich 531, 541; 227 NW2d 775 (1975), *cert den* 423 US 849; 96 S Ct 91; 46 L Ed 2d 72 (1975). Because of the apparent meritorious nature of defendant's claim, justice requires that a hearing in order to determine if defendant's claim is, in fact, meritorious. We determine that justice demands the instant result and we feel it necessary to expedite matters by ordering the trial court to hold a proper hearing, rather than requiring the defendant to make a delayed motion for a new trial.

trial. *People v Samuels,* 62 Mich App 214, 219; 233 NW2d 520 (1975).

Defendant also maintains that the prosecution committed reversible error by way of improper impeachment. Defendant has failed to properly preserve this issue for appellate review. During the trial there was a failure to object and, therefore, review is precluded unless the error resulted in manifest injustice. *People v Carroll,* 396 Mich 408; 240 NW2d 722 (1976). The error, if any, was harmless because this case was tried before a judge and not a jury. The trial court obviously did not attach any significance to defendant's prior statements which were used as impeachment. Defendant's contentions with respect to this issue lack merit.

Remanded.