PEOPLE v JIMMY WASHINGTON

Docket No. 46324. Submitted June 10, 1980, at Detroit.—Decided August 13, 1980.

Jimmy Washington was convicted of armed robbery in Recorder's Court of Detroit, Verne C. Boewe, J. The defendant appeals, alleging that the trial court erred in submitting to the jury the issue of whether the prosecutor exercised due diligence in attempting to produce a res gestae witness. *Held:*

1. The nonproduction of a res gestae witness at trial requires the trial judge to ascertain whether the prosecution exercised due diligence in its attempts to produce the witness and it is error to submit the issue of due diligence to the jury.

2. The failure by a defendant to preserve the issue of whether the trial judge erred in submitting to the jury the question of whether the prosecutor exercised due diligence in attempting to produce a res gestae witness will foreclose appellate consideration where the defendant did not object to the jury submission nor move for a hearing on due diligence unless, absent review, manifest injustice will result. Here, in light of the overwhelming evidence of the defendant's guilt and the lack of any prejudice that resulted to the defendant due to the submission, no manifest injustice will occur if the defendant's conviction is not reversed.

Affirmed.

1. WITNESSES — RES GESTAE — NONPRODUCTION — DUE DILIGENCE.

The nonproduction of a res gestae witness at trial requires the trial judge to ascertain whether the prosecution exercised due diligence in its attempts to produce the witness; and it is error to submit the issue of due diligence to the jury.

2. APPEAL — PRESERVING QUESTION — WITNESSES — RES GESTAE WITNESS.

The failure by a defendant to preserve the issue of whether the

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 180.
    63 Am Jur 2d, Prosecuting Attorneys § 27.
[2] 5 Am Jur 2d, Appeal and Error § 618.
    75 Am Jur 2d, Trial § 906.

trial judge erred in submitting to the jury the question of whether the prosecutor exercised due diligence in attempting to produce a res gestae witness will foreclose appellate consideration where the defendant did not object to the jury submission nor move for a hearing on due diligence unless, absent review, manifest injustice will result.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Simmons & Richards,* for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. On May 1, 1979, defendant was found guilty by a jury of armed robbery, contrary to MCL 750.529; MSA 28.797. He was sentenced to an imprisonment term of 10 to 15 years and now appeals as of right.

Defendant advances a plethora of arguments, only one of which we need address. He contends that the lower court wrongly submitted the issue of due diligence to the jury. We agree.

If a res gestae witness is not produced at trial, then it must be ascertained whether the prosecution exercised due diligence in its attempts to produce the witness. *People v Brooks,* 96 Mich App 96; 292 NW2d 139 (1980). In the past, this determination could be made by either the trial judge or the jury. See *People v Ebejer,* 66 Mich App 333; 239 NW2d 604 (1976), *People v Yarborough,* 61 Mich App 303; 232 NW2d 394 (1975), *People v Eugene Harris,* 43 Mich App 531; 204 NW2d 549 (1972). See also CJI 5:2:14. However, this dual approach

* Circuit judge, sitting on the Court of Appeals by assignment.

was recently rejected by the Supreme Court in *People v Willie Pearson,* 404 Mich 698; 273 NW2d 856 (1979). Because the jury normally does not disclose its findings, only the trial judge can make reviewable findings and conclusions on the issue of due diligence. Thus, it is error to submit the due diligence issue to the jury. *Id.* at 722, fn 6. Since *Pearson* was released several months prior to the instant trial, the trial judge erred by presenting this question to the jury.

Although this oversight would normally mandate reversal, this is not necessary here. Defendant did not object to the jury submission nor did he move for a court hearing on due diligence. The failure to preserve this issue will normally foreclose appellate consideration, *Pearson, supra* at 721-723, unless, absent review, manifest injustice will result. *People v Phillips,* 75 Mich App 690, 694; 255 NW2d 733 (1977). In light of the overwhelming evidence of defendant's guilt and the lack of any prejudice that resulted to defendant due to the submission, we conclude that no manifest injustice will occur if we do not reverse in this case.

Affirmed.