PEOPLE *v.* MARTIN.

CRIMINAL LAW—DISORDERLY HOUSE—HOUSE OF ILL FAME.

Notwithstanding a want of evidence that specific acts of lewdness had been committed in the house conducted by respondent, between the dates charged in the information, which alleged that respondent kept a house of ill fame, a verdict finding her guilty was sustained by evidence of the bad character of the place, of the persons who resorted thereto, and respondent's admissions on the stand that she had conducted a house of prostitution at the place in question, and about two weeks before the time stated in the information had been arrested as a common prostitute and had pleaded guilty, and on her testimony that, during the period charged in the pleading, men had visited the house at a late hour and had gone to an upper room with one of the female inmates, remaining until about four o'clock in the morning.

Exceptions before sentence from Houghton; O'Brien, J. Submitted June 12, 1913. (Docket No. 120.) Decided July 9, 1913.

Trixie Martin was convicted of keeping a house of ill fame. Affirmed.

*Grant Fellows,* Attorney General, and *J. A. Greene,* Assistant Attorney General, for the people.

*Burritt & Burritt,* for respondent.

OSTRANDER, J. Respondent is charged with keeping a house of ill fame, resorted to, etc., on February 3, 1912, and on divers other days and times between that day and February 20, 1912. It is certified to this court by the judge of the trial court that judgment has not been given and that exceptions have been settled pursuant to the provisions of 3 Comp. Laws,

§ 11964.[1]  We do not find in the printed record evidence that the practice indicated· in the statutes has been followed.  The practice indicated is simple and it is recommended that counsel follow it.  There is also a rule of this court which appears to have escaped the attention of counsel for appellant.  It is Rule 40, and it requires that the brief of a party bringing a cause into this court shall contain a clear and concise statement of the facts of the case, distinct from argument, and of the errors upon which he relies, the questions involved, and the manner in which they are .raised.  The fact that this is a case involving the personal liberty of the respondent alone induces us to consider any of the questions which appear to be raised by the exceptions and which are referred to in the brief for appellant.

Respondent was a witness in her own behalf.  She testified that on February 3, 1912, and during the period laid in the information, she did not keep a house of ill fame nor one resorted to for purposes of prostitution and lewdness.  She further testified, in substance and effect, that she had lived in the house in question for two years and up to the 17th or 18th of January, 1912, paid rent for it at the rate of $100 a month; that she kept a house of prostitution there for a term and named four or more girls whom she kept there; that she and the other inmates were arrested on or about January 16, 1912, taken before a justice of the peace, and all pleaded guilty of being common prostitutes and paid fines.  At that time, she testified, she *quit the business* and was not carrying it on on February 3, 1912, nor thereafter within the period laid in the information.  Two of the girls arrested with her were there February 3d.  She testified that they were not then prostitutes, although previous

---

[1] 5 How. Stat. (2d Ed.) § 15135.

to that time they had been. And she testified that with her permission and knowledge no acts of prostitution and lewdness occurred there during the period laid in the information. But she testified also that on the night of February 3d men came to the house at a late hour, were admitted, or, finding the door open, entered, one of them at least visited an upper room with one of the girls, all of them remained the most of the night, an affray occurred, an officer was sent for and came at about 4 o'clock in the morning. She did not concern herself with the purpose of the visit or with the conduct òf the other inmates of the house. In view of this testimony and of the further undisputed testimony of the situation and reputation of the house, the exceptions for respondent, some of which present what would in a proper case be interesting questions, become unimportant. For examples, the rulings admitting testimony of respondent's reputation for chastity and the reputation of other inmates of the house and admitting testimony of the general reputation of the house, whether they were all of them right or not are unimportant. The remaining question, namely, whether during the period laid the house was resorted to for the purposes already stated, was one to be answered as her own testimony and that of others should be viewed by the jury. No testimony of any specific act of lewdness on February 3d or thereafter was introduced. But we think it was for the jury to say whether, as claimed by respondent, the former actual character of the place and admitted earlier habits of its inmates had changed. The testimony of the acts of the girls other than respondent, of the serving of beer to the men by the girls, or some of them, on the night of February 3d, of the conduct of the men who were there, was sufficient, with the testimony of the respondent, to support a verdict of guilty. The criti-

cisms which are made of the charge to the jury seem to us unwarranted.

Respondent's exceptions are overruled, and the cause remanded.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN. STONE, and BIRD, JJ., concurred.