## PEOPLE v. LEWIS

1. CRIMINAL LAW—WITNESSES—IMPEACHMENT—DISCRETION.

   Refusal to allow defendant at trial to attack a deceased witness's credibility in his testimony at preliminary examination by showing that his death was by suicide six days after the preliminary examination and by limiting questions as to the nature of four felony charges for which the deceased had been arrested, while permitting testimony that the deceased was a sexual deviate, was not an abuse of discretion, where the defendant was provided an opportunity at the preliminary examination to attack the witness's credibility through channels selected by him.

2. WITNESSES — CROSS-EXAMINATION — CREDIBILITY — LIMITATIONS — DISCRETION.

   Trial court may exercise broad discretion in placing limitations on questions asked in cross-examining a witness where an effort is being made to attack the witness's credibility.

3. EVIDENCE—DEATH CERTIFICATE—ADMISSIBILITY—WITNESSES—SUICIDE.

   Exclusion of a death certificate offered at trial solely to impeach a witness's testimony at preliminary examination by showing that he had committed suicide was not error.

4. WITNESSES—RES GESTAE WITNESS—DUE DILIGENCE.

   A *res gestae* witness must be produced at trial unless it can be shown that the prosecutor exercised due diligence but was unable to secure the attendance of the witness.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses § 621.
[3] 30 Am Jur 2d, Evidence § 1009.
[4, 5] 29 Am Jur 2d, Evidence § 708 *et seq.*

5. Witnesses—Res Gestae Witness—Failure To Produce—Excuse.

>  Failure of prosecutor to produce a *res gestae* witness at trial was properly excused where the witness's sister testified that the witness had been absent for some time, that she had last received letters from the witness sent from Nevada and California but did not know the witness's whereabouts and where it appeared from the record that the prosecutor had been diligent in his attempts to find the witness.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 December 3, 1969, at Lansing. (Docket No. 7,104.) Decided June 30, 1970. Leave to appeal denied December 31, 1970. 384 Mich 793.

George Lewis, Jr., was convicted of illegal possession and sale of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Paul V. Gadola, Jr.,* for defendant on appeal.

Before: Fitzgerald, P. J., and Bronson and T. M. Burns, JJ.

Per Curiam. Defendant, George Lewis, Jr., was arrested and charged in a two-count complaint with illegal possession and sale of narcotics.* At a preliminary examination in the Flint Municipal Court, Jerry Phillips, the principal witness for the prosecution, testified and was subjected to cross-examination by defendant's counsel. Phillips committed suicide six days later.

---

\* Illegal possession of narcotics is governed by MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). Illegal sale of narcotics is governed by MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).

At a jury trial in the Genesee County Circuit Court, the testimony given by Phillips at the preliminary examination was read into the record. Attempts by defendant at this time to attack the credibility of defendant Phillips were defeated by the trial judge.

Defendant was found guilty on both counts and sentenced to concurrent sentences of from 8-1/2 to 10 years in prison for possession and from 22 to 40 years for sale of narcotics. Defendant has appealed the denial of his motion for a new trial.

Defendant attempted in several ways at trial to attack the credibility of the deceased witness Jerry Phillips. He now contends that the trial court erred in placing limitations on his efforts to introduce evidence showing three factors: 1) the nature of four felony charges against Phillips, 2) the cause of his death, and 3) that he was a sexual deviate. The trial court may exercise a broad discretion in placing limitations on the questions asked in cross-examining a witness where an effort is being made to attack the witness's credibility. In the instant case adequate opportunity was provided at the preliminary examination to attack Phillips' credibility through the channels selected by defendant.

The trial court properly exercised its discretion in limiting questions as to the nature of the offenses for which Phillips had been arrested. The attempt by the defendant to introduce Phillips' death certificate was properly denied. In *People* v. *Hines* (1940), 284 NY 93 (29 NE2d 483), in a situation similar to the one before us now, the New York court held that a death certificate should be admitted at trial solely to show that a witness had committed suicide where its introduction was an attempt to attack the credibility of the witness. We feel that the trial court did not err in so holding in this case.

The jury was given adequate testimony from which it might find that Phillips was a sexual deviate. Such evidence is properly admitted in Michigan to attack the credibility of a witness.

In addition to witness Phillips, a young lady, Miss Splane, was present at the time the alleged crime was committed. Appellant contends that she was a *res gestae* witness and that the prosecutor must produce her at the trial. Here the prosecutor did not produce the witness but provided evidence that she could not be located and was, in all probability, no longer in Michigan.

Defendant submits that the appellee did not exercise due diligence in searching for Miss Splane and the failure to produce her cannot be excused. A *res gestae* witness must be produced at trial unless it can be shown that the prosecutor exercised diligence but was unable to secure the attendance of a witness. *People* v. *Woods* (1966), 5 Mich App 356. Miss Splane's sister testified at trial that Miss Splane had been absent for some time, and that she had last received letters from Miss Splane sent from Nevada and California but did not know where she could be reached. It appears from the record that the prosecutor had been diligent in his attempts to find Miss Splane. His failure to produce her as a *res gestae* witness at trial was properly excused. It is further apparent from the record that appellant did not preserve this issue by timely objection.

A supplemental brief was filed by appellant following oral argument, and answered, and the issue therein is deemed not persuading and needs no discussion.

Affirmed.