PEOPLE *v.* HAYWOOD

1. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—FAILURE
   TO PRODUCE—DILIGENCE—DISCRETION.
   The prosecutor's duty to secure the presence of an indorsed *res
   gestae* witness at the criminal trial may be excused if he
   makes a showing of due diligence in attempting to produce
   the attendance of that witness, and the determination of due
   diligence is within the discretion of the trial court and will
   be reversed on appeal only if clear abuse is shown.

2. CRIMINAL LAW—EVIDENCE—WITNESSES—PRIOR CONVICTIONS—
   HARMLESS ERROR.
   References to the guilty pleas of absent witnesses was harmless
   error where the case was tried without a jury and there was
   sufficient evidence upon which to convict defendant.

3. DISORDERLY HOUSE—HOUSE OF ILL FAME.
   A dwelling can be proven to be a house of ill fame if it has
   acquired this reputation in the neighborhood (MCLA § 750-
   .452).

Appeal from Genesee, Anthony J. Mansour, J.
Submitted Division 2 August 25, 1970, at Lansing.
(Docket No. 7922.)   Decided December 4, 1970.

Jimmy Haywood was convicted of keeping a
house of ill fame.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 328.
[2] 5 Am Jur 2d, Appeal and Error §§ 793–819.
[3] 24 Am Jur 2d, Disorderly Houses § 34.

Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: Bronson, P. J., and McGregor and Danhof, JJ.

Per Curiam. The defendant was convicted on April 30, 1969 in a non-jury trial of keeping a house of ill fame in violation of MCLA § 750.452 (Stat Ann 1954 Rev § 28.707) and sentenced to prison for a period of four to five years.

The defendant was arrested in his apartment by a police officer, who caught one prostitute and a police undercover agent in the process of unrobing and arrested the defendant and two prostitutes. This arrest was brought on by police surveillance of the apartment, several complaints concerning the early hour traffic that the apartment seemed to generate, and the reputation that the apartment had acquired in the neighborhood. At the time of arrest, the defendant voluntarily confessed that he was using the premises for prostitution.

At the time of trial, the prosecution failed to produce the two prostitutes, who had pled guilty to varying charges of prostitution, and the defendant objected to the prosecution's failure to produce the two *res gestae* witnesses. The trial court, however, excused the prosecution by finding that diligent efforts had been made in attempting to procure these witnesses. After all the evidence had been offered, the trial judge found the defendant guilty as charged.

The first issue raised by the defendant is whether the trial court erred by excusing the *res gestae* witnesses. Failure to produce a *res gestae* witness

may be excused when the prosecutor can show he made a diligent effort to procure the attendance of that witness. *People* v. *Lewis* (1970), 25 Mich App 132; *People* v. *Tiner* (1969), 17 Mich App 18; *People* v. *Woods* (1966), 5 Mich App 356. In this case the trial court found that the prosecutor's attempt to serve the witnesses ten days before trial, consulting all their known addresses and sending teletypes throughout the state were sufficient to establish due diligence. The question of diligence is within the scope of judicial discretion, and the record in the instant case discloses no abuse of discretion by the trial judge. *People* v. *Melvin Jackson* (1970), 21 Mich App 129; *People* v. *Kearn* (1967), 6 Mich App 406; *People* v. *Tiner, supra.*

The defendant further contends that the failure to produce these witnesses denied him the right to confront his accusers as set forth in *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476). Since this case was tried before a judge and there was sufficient evidence on which to convict the defendant, the reference to the guilty pleas of the absent witnesses constituted harmless error. *People* v. *Wavie Williams* (1969), 19 Mich App 291.

The defendant finally argues that the verdict was against the great weight of the evidence since the prosecution failed to prove that the place in question was a house of ill fame.

It has been held that a dwelling can be proven to be a house of ill fame if it has acquired this reputation in the neighborhood. *People* v. *Lee* (1943), 307 Mich 743; *People* v. *Martin* (1913), 176 Mich 381; *O'Brien* v. *People* (1873), 28 Mich 212. There is sufficient evidence on the record to support the trial court's finding.

Affirmed.