PEOPLE *v.* PHILLIPS

1. Criminal Law—Witnesses—Res Gestae Witness—Failure to Produce—Due Diligence.

   The prosecutor's failure to produce an indorsed *res gestae* witness was properly excused where the prosecutor made a continuing effort to locate the witness through the witness's wife and parents but was unable to locate him because the witness was out of state and *en route* between assignments in the armed forces.

2. Criminal Law—Defenses—Intoxication—Specific Intent.

   Intoxication is a defense to a charge of crime requiring specific intent.

3. Criminal Law—Defenses—Intoxication—Specific Intent.

   The trial court's charge that the defendant could be found guilty of assault with intent to commit murder for shooting a police officer while defendant was in an uncomprehending state of drunkenness if the defendant knew from past experience that intoxication would be likely to put him in a state where he did not know what he was doing or why was reversibly erroneous, because intoxication is a defense to a charge of a specific intent crime.

Appeal from Cass, James E. Hoff, J. Submitted Division 3 October 7, 1971, at Marquette. (Docket No. 10504.) Decided November 26, 1971. Leave to appeal denied, 386 Mich 789.

Benn Phillips was convicted of assault with intent to commit murder. Defendant appeals. Reversed and remanded.

---

References for Points in Headnotes

[1] 58 Am Jur, Witnesses § 3 *et seq.*
[2, 3] 21 Am Jur 2d, Criminal Law §§ 107, 108.
   Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Herman A. Saitz,* Prosecuting Attorney (Thomas P. Policinski, on the brief, acting under GCR 1963, 921), for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Peter J. Kelley,* Assistant Defender, for defendant on appeal.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted by a jury of a charge of assault with intent to commit murder. MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).

The facts are not in dispute. Officer Schantz pulled his scout car alongside a red Fiat, following a report that it had been driven in an erratic manner. Defendant was asleep in the front seat. There was a strong intoxicating beverage odor, and defendant had apparently been drinking quite heavily. Defendant was awakened and asked to identify himself and the vehicle. Some papers were handed to Schantz which failed to identify the defendant and were handed back. Defendant was arrested and told to get out of the car. He didn't say anything, sat still, and looked straight ahead. Officer Schantz started to go into the car after him. Defendant then shot the officer four times.

Defendant testified that he started drinking early in the morning. He remembered falling asleep at the side of the road and a man in blue trousers attempting to awaken him and telling him to get out of the car. He recalled a headache and a burning feeling in his eyes, a glimpse of a man lying on the ground, and a thought he should get help.

It is the claim of the defendant that he was innocent of the crime of assault with intent to commit murder because he was intoxicated and incapable of formulating the necessary specific intent to do the criminal act.

Defendant raises two issues on appeal:

1. *Did the trial court err in ruling that the prosecution had exercised due diligence in its attempt to produce a* res gestae *witness?*

2. *Was the trial court's failure to cure an objected-to portion of the charge to the jury, dealing with defendant's inability to form a present intent, reversible error?*

Indorsed witness Randall Price saw a shooting and identified the defendant as the person driving the red Fiat automobile as it left the scene. He was not produced at the trial, and his nonappearance was excused by the court.

It is incumbent upon the prosecutor to produce *res gestae* witnesses, but nonproduction can be excused on a finding of due diligence. The finding of due diligence required is within the discretion of the trial court, and is subject to reversal on appeal only for clear abuse. *People* v. *Costea* (1969), 19 Mich App 166; *People* v. *Tubbs* (1970), 22 Mich App 549; *People* v. *Alexander* (1970), 26 Mich App 321.

Police were unable to subpoena Price at his last address because he was in the Air Force. Contacts were made with the witness's wife and parents without success. The prosecutor stated that the last check "was a few days ago" when the witness's mother said he was *en route* to assignment; she believed to Lackland Air Force Base, but she had no way to contact him.

The instant record indicates that the prosecutor made a continuing effort to locate witness Price. Failure to produce was properly excused.

Defendant next contends that the following jury instruction was erroneous:

"Also, if the defendant knew from his past experience, or from information he received while sane and sober, that intoxication would likely put him in a state or condition where he did not know what he was doing or why he was doing it, he would in such a case be responsible for such extraordinary derangement produced by overindulgence in intoxicating liquors, and would be held to have intended the results or consequences that followed such indulgence in intoxicating liquors voluntarily consumed by him."

Intoxication is a defense to a crime which requires specific intent. In *People* v. *Walker* (1878), 38 Mich 156, 158, the Court stated:

"While it is true that drunkenness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist."

In *People* v. *Guillett* (1955), 342 Mich 1, 6, the Supreme Court observed:

"It is important in this decision to emphasize that intoxication may only negative the existence of *specific intent*. Examination of the cases reveals that where the rule was applied, it was done so in cases where the crime charged also involved a specific intent."

The people do not argue that defendant was not charged with a specific intent crime. It is clear that assault with intent to commit murder is a crime which does require specific intent. The people do argue, however, that the trial court's instruction is in keeping with the following language of the Supreme Court in *Roberts* v. *People* (1870), 19 Mich 401, 422:

"And if, from his past experience or information, he had, while sane and before drinking, on that day,

good reason to believe that, owing to a dormant tendency to insanity, intoxication would be likely to produce an extraordinary degree of mental derangement beyond the effects likely to be produced upon persons clear of any such tendency, he must be held to have intended this extraordinary derangement as well as the intoxication and other results produced by it."

However, in *Roberts,* defendant had raised the issue of insanity. The above language merely disposes of that defense in light of defendant's knowledge that he was prone to such insanity when he consumed alcohol. As Judge LEVIN stated in *People* v. *Kelley* (1970), 21 Mich App 612, 625:

"The *Roberts* opinion states only that intoxication may not be relied upon to establish a defense *other* than intoxication when the actor knows before he begins to drink that drinking may cause a condition which would create a factual basis for that defense. This did not create an exception to the intoxication defense itself."

In the instant case, insanity was not raised as a defense. The trial court's instruction was, therefore, error since it attempts to create an exception to the intoxication defense which does not exist under the facts of this case.

Reversed and remanded.