PEOPLE v RUSSELL

1. CRIMINAL LAW—WITNESSES—PRETRIAL INTERVIEW—RESTRAINT BY PROSECUTOR—PRESERVING QUESTION.

The prosecutor cannot properly restrain defense counsel from questioning the prosecution's witnesses as a general policy; however, the issue whether a defendant was denied a fair trial because the prosecutor advised a complaining witness not to talk to defendant's lawyer is not properly preserved for appeal where defense counsel made no effort to secure an interview with the witness before trial, defense counsel made no objection before or during trial, and there was no showing of manifest injustice or prejudice to the defendant.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—SUBSTITUTION OF COUNSEL—BONA FIDE DISPUTE.

The mere fact that an attorney informed his client that he might lose was not sufficient evidence of a bona fide dispute which would allow a defendant to request a different court-appointed counsel, because an attorney has a duty to inform his client forthrightly and honestly as to the merits of his case; for that reason, the trial court did not err in denying a request for an adjournment for the purpose of changing counsel.

3. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE—LACK OF PREPARATION—DISCRETION.

It is impossible to enunciate a strict standard as to what constitutes adequate preparation by a court-appointed attorney in a criminal case and the issue must be left to the sound discretion of the trial court; a trial court did not abuse its discretion in failing to grant a defendant's motion for a continuance for the purpose of substituting counsel where counsel conferred with the defendant at the preliminary examination and for 15 minutes prior to trial, defendant failed to show that the alleged lack of preparation prejudiced his defense, a review of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 886.
[2, 3] 21 Am Jur 2d, Criminal Law § 321.

record fails to show any inadequacy by defense counsel due to a lack of preparation, and defendant was unable to supply counsel with any additional facts or witnesses.

Appeal from Recorder's Court of Detroit, John L. Kadela, J. Submitted Division 1 April 4, 1973, at Detroit. (Docket No. 13912.) Decided May 23, 1973. Leave to appeal denied, 390 Mich 769.

Melvin Russell was convicted of assault with intent to rob being unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for the defendant.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

BASHARA, J. Defendant was convicted by a jury of assault with intent to rob being unarmed.[1] Defendant first contends on appeal that he was denied a fair trial because the prosecutor advised the complaining witness not to talk to defendant's lawyer. A full reading of the record shows that defense counsel did not seek to compel an interview with the complaining witness. The issue was raised for the first time during the course of trial, during cross-examination of the complaining witness. The following colloquy at trial is relevant to our disposition of this issue:

---

[1] MCLA 750.88; MSA 28.283

"*Q.* Did you discuss this with the prosecutor before testifying?

"*A.* Yes.

"*Q.* And here in this courtroom when the defense attorneys tried to talk to you, you refused to talk to them?

"*A.* I took the advice of my attorney.

"*Q.* Even after being advised, the court gave us your name for the purpose of talking to you.

"*Mr. Thompson:* I object to that. Certainly if Mr. O'Connell wants to testify, he should be put on the stand.

"*The Court:* I sustain the objection.

"*Mr. O'Connell:* I have the right to ask the question I asked.

"For the record, he has given us his name, and I have the obligation to talk to him.

"*Mr. Thompson:* You have the opportunity but not the obligation. If he doesn't want to talk to you—

"*Q. (by Mr. O'Connell):* You say your attorney advised you against talking to us. Would that be the prosecuting attorney?

"*A.* Mr. Thompson.

"*Q.* This prosecutor here?

"*Mr. Thompson:* I do represent the people.

"*The Court:* The record so indicates, sir.

"*Q. (by Mr. O'Connell):* When you are saying your attorney told you not to talk to the defense, you mean the prosecutor told you that?

"*A.* He advised against it. He didn't tell me not to talk to the defense.

"*Mr. O'Connell:* I have no further questions."

Defendant cites the Pennsylvania case of *Lewis v Lebanon County Court of Common Pleas,* 436 Pa 296; 260 A2d 184 (1969), in support of his contention. That case, however, is clearly distinguishable from the case at bar. In *Lewis, supra,* defense counsel had sought an interview with an FBI

agent sometime prior to trial; the FBI had a policy of not granting such interviews without the consent of the prosecution. Defense counsel obtained an order from the trial court directing the prosecutor to consent to the interview. Upon his refusal, the trial court expressed the view that the prosecutor's actions were contemptuous. The prosecutor then petitioned the Supreme Court for a writ of prohibition to prevent enforcement of the trial court's order. This gave rise to the expression that the prosecutor could not properly restrain defense counsel from questioning the prosecution's witness.

We quite agree with this general policy. However, in the instant case, defense counsel made no effort to secure an interview with the complaining witness prior to trial. He appears not to have complained prior to bringing out the above quoted testimony. No objection was made at the time of trial, and we do not find any manifest injustice or prejudice to the defendant. *People v Pride,* 43 Mich App 165 (1972); *People v White,* 25 Mich App 176 (1970).

Defendant next contends that the trial court erred in not granting his request for an adjournment for the purpose of changing counsel.

In *People v Charles O Williams,* 386 Mich 565 (1972), our Supreme Court found an abuse of discretion since (1) the defendant was asserting a constitutional right—the right to counsel, (2) a bona fide dispute existed with his attorney as to whether to call alibi witnesses, (3) the defendant was not guilty of negligence, and (4) the trial court was incorrect in stating that defendant had caused the trial to be adjourned several times.

In the instant case, defendant was asserting the same constitutional right as that asserted in *Williams, supra.* A review of the record does not

reveal that defendant was negligent nor that he had sought any adjournments.

The only question is whether a bona fide dispute existed between defendant and his counsel. As evidence of a bona fide dispute, defendant offers the fact that counsel informed him that he would lose. The mere fact that an attorney informs his client that he might lose is not sufficient evidence of a bona fide dispute which would allow a defendant to request a different court-appointed counsel. To the contrary, we believe that an attorney has a duty to forthrightly and honestly inform his client as to the merits of his case.

Defendant further contends that his court-appointed counsel did not spend sufficient time conferring with him to adequately prepare his defense. The record reveals that counsel conferred with defendant at the preliminary examination and for fifteen minutes prior to trial. It is impossible to enunciate a strict standard as to what constitutes adequate preparation and for that reason, it is left to the sound discretion of the trial court. Defendant has failed to show that this alleged lack of preparation prejudiced his defense. Additionally, a review of the record fails to show any inadequacy by defense counsel due to a lack of preparation. Defendant was unable to supply counsel with any additional facts or witnesses, nor is there any such allegation on appeal. For these reasons, we do not believe that the trial court abused its discretion in failing to grant defendant's request for a continuance.

Defendant finally contends that it was error for the trial court to consider his juvenile record and arrests not resulting in conviction when imposing sentence.

There is no evidence in the record of the sen-

tencing proceedings that the trial court considered or relied upon the defendant's juvenile record or arrests. In light of these facts, there is no basis on which this court may review these unsupported allegations.

Affirmed.

All concurred.