PEOPLE v HERNANDEZ

Docket No. 29683. Submitted February 14, 1978, at Lansing.—Decided June 6, 1978.

Louis R. Hernandez was convicted in Saginaw Circuit Court, Joseph R. McDonald, J., of delivery of heroin. The alleged delivery took place between defendant and an undercover agent while two other people were present. Defendant raises many issues on appeal which the Court of Appeals considered seriatim; however, two major issues appear dispositive: (1) did the trial judge err by omitting from his instructions the requirement that defendant know the substance he was delivering was heroin, and (2) was the nonindorsement and nonproduction of res gestae witnesses grounds for reversal. *Held:*

1. A trial judge does not err by omitting from his jury instructions the requirement that defendant know the substance he is delivering is heroin since this is not an essential element of the offense.

2. Remand to the trial court is required where a defendant

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 21 Am Jur 2d, Criminal Law §§ 319, 321, 323.
Constitutionally protested right of indigent accused to appointment of counsel in state court prosecution. 93 ALR2d 747.

[3] 21 Am Jur 2d, Criminal Law § 320.

[6] 75 Am Jur 2d, Trial §§ 574, 577, 578, 580, 906–916.
Construction and effect of provision of Rule 51 of the Federal Rules of Civil Procedure, and similar state rules, that counsel be given opportunity to make objections to instructions out of the hearing of jury. 1 ALR Fed 310.

[7, 8, 18] 75 Am Jur 2d, Trial §§ 715–720.

[9] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

[10] 75 Am Jur 2d, Trial §§ 734–736.
Duty of court, in absence of specific request, to instruct on subject of alibi. 72 ALR3d 547.

[11] 81 Am Jur 2d, Witnesses § 2.

[12–14] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

[15] 5 Am Jur 2d, Appeal and Error §§ 808, 843, 884.
31 Am Jur 2d, Expert and Opinion Evidence § 3.

[16] 5 Am Jur 2d, Appeal and Error § 624.

[17] 5 Am Jur 2d, Appeal and Error § 549.

has not waived the production of a res gestae witness who has not been produced. The trial court must determine whether the people exercised due diligence in attempting to produce the witness. If so, defendant's conviction should be affirmed; but if the trial court determines that the people did not use due diligence, and that the testimony of the witness was not merely cumulative, the trial court should reverse the conviction and order a new trial.

Remanded for further proceedings.

BRONSON, J., concurred in the disposition of the case. While he would hold that knowledge of the character of a controlled substance is an essential element of the offense of delivery and that it is error to omit from jury instructions the requirement that defendant knows that the substance he is delivering is heroin, the failure to give the instruction in the present case does not require reversal because there was no manifest injustice; the defendant did not object to the instruction given nor raise any issue concerning his knowledge of the nature of the substance allegedly delivered.

OPINION OF THE COURT

1. CRIMINAL LAW—CONSTITUTIONAL LAW—TRIAL—RIGHT TO COUNSEL —INDIGENT DEFENDANT—ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEYS—JUDGE'S DISCRETION.

An indigent defendant is not entitled to have the attorney of his choice appointed although he may become entitled to have his assigned attorney replaced on a showing of good cause if it would not unreasonably disrupt the judicial process; a decision regarding substitution of appointed counsel is in the trial court's discretion.

2. CRIMINAL LAW—SUBSTITUTION OF COUNSEL—GOOD CAUSE.

There is no precise definition of good cause in the context of substitution of counsel, and the resolution of this issue must be found in the circumstances surrounding each case, particularly in the reasons presented to the trial judge at the time a request for substitution of counsel is made.

3. CRIMINAL LAW—ATTORNEY AND CLIENT—ASSISTANCE OF COUNSEL —LACK OF PREPARATION—PREJUDICE—APPEAL AND ERROR.

The amount of time an attorney spends with his client is a factor used in determining whether he is adequately prepared to defend his client, but it is not the determinative factor; for purposes of appellate review, the more important issue is

whether the defendant can show or allege that prejudice resulted from an inadequate preparation.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—ATTORNEY AND CLIENT—SUBSTITUTION OF COUNSEL—CONTINUANCE—RIGHT TO COUNSEL—BONA FIDE DISPUTE—PREJUDICE.

A trial judge's decision on a motion for a continuance for a substitution of counsel is governed by certain facts: (1) defendant was asserting a constitutional right—the right to counsel, (2) he had a legitimate reason for asserting this right—an irreconcilable bona fide dispute with his attorney, (3) he was not guilty of negligence, and (4) he had not caused the trial to be adjourned several times; on appeal, defendant must show that prejudice resulted where his motion for a continuance was denied.

5. ATTORNEY AND CLIENT—DISPUTES—SUBSTITUTION OF ATTORNEYS—PUBLIC POLICY.

Public policy, where an attorney and client dispute is not irreconcilable, favors an attempt to work these problems out rather than always switching attorneys at the first sign of trouble.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—ESSENTIAL ELEMENT—REQUEST TO CHARGE—OBJECTIONS TO INSTRUCTIONS—APPEAL AND ERROR.

Reversible error is committed if a trial judge fails to instruct the jury on an essential element of an offense, even though there was no request for this instruction or any objections to the instructions given.

7. DRUGS AND NARCOTICS—DELIVERY OF HEROIN—KNOWLEDGE OF SUBSTANCE—ESSENTIAL ELEMENT—STATUTES.

Knowledge that one is delivering heroin is not an essential element of the offense of delivery because neither the statutory definition of delivery nor the provision proscribing it explicitly requires knowledge that the substance being delivered is heroin (MCL 335.304[1], 335.341[4]; MSA 18.1070[4][1], 18.1070[41][4].

8. DRUGS AND NARCOTICS—DELIVERY OF HEROIN—INSTRUCTIONS TO JURY—KNOWLEDGE OF SUBSTANCE—ESSENTIAL ELEMENT.

A trial judge does not commit error by omitting from his instructions the requirement that defendant know the substance he is delivering is heroin since this is not an essential element of the offense of delivery of heroin.

9. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—
MANIFEST INJUSTICE—FAILURE TO OBJECT.

Reversal of a defendant's conviction on allegations of error in instructions, where no objection was made at trial, is not warranted absent a showing of a miscarriage of justice.

10. CRIMINAL LAW—DEFENSES—ALIBI—INSTRUCTIONS TO JURY—BUR-
DEN OF PROOF—REASONABLE DOUBT.

An instruction to the jury on the defense of alibi which included a statement that the defense is proper and legal "if proven" does not shift the burden of proving alibi to the defendant where the instructions also clearly indicated that if any reasonable doubt existed as to the presence of defendant at the scene of the crime he should be acquitted.

11. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—ENTIRE
TRANSACTION—FALSE ACCUSATIONS.

Persons who are present when an alleged crime is committed are presumed to be res gestae witnesses, and since they are in a position to observe the transaction their testimony serves the purposes of presenting the entire transaction and protecting the accused from false accusations.

12. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSE-
MENTS—EXCEPTIONS.

Res gestae witnesses are required to be indorsed and produced at trial except: where the prosecution shows due diligence in attempting to produce the witness, where the testimony of the missing witness would be merely cumulative, where the missing witness was a participant in the alleged crime, and where the identity of the res gestae witness is made known to the defendant during or before trial and the defendant does not move for indorsement or production of the witness.

13. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSE-
MENT AND PRODUCTION—MISCARRIAGE OF JUSTICE.

Failure to indorse and produce a res gestae witness for trial cannot be excused because the identity of the res gestae witness was made known to the defendant during or before trial and defendant did not move for indorsement or production of the witness in instances where nonproduction would result in a miscarriage of justice, especially where the prosecutor already knew the name of the witness and had taken some steps to secure his production.

14. APPEAL AND ERROR—WITNESSES—CRIMINAL LAW—RES GESTAE
    WITNESSES—PRODUCTION OF WITNESSES—MANIFEST INJUSTICE.

Appellate review is proper, notwithstanding the absence of a
motion for a new trial, if the failure to produce a res gestae
witness makes a determination of guilt result in a miscarriage
of justice.

15. EVIDENCE—EXPERT TESTIMONY—JUDGE'S DISCRETION—ABUSE OF
    DISCRETION—APPEAL AND ERROR.

Admission or exclusion of expert testimony is within a trial
court's discretion and an exercise of that discretion will not be
reversed except where it is clearly abused.

16. APPEAL AND ERROR—CRIMINAL LAW—ARGUMENT OF COUNSEL—
    IMPROPER ARGUMENT—CAUTIONARY INSTRUCTION.

Failure to object to a prosecutor's trial comments will bar appel-
late review where a cautionary instruction, in all likelihood,
would have eliminated the prejudice caused by the remark.

17. APPEAL AND ERROR—CRIMINAL LAW—DUE PROCESS—DELAY IN
    ARREST.

Appellate review cannot be held where a defendant contends that
a three-month delay in his arrest denied him due process and
where such claim was not presented to the trial court and,
therefore, the trial court was unable to make the required
findings of fact and conclusions that are necessary to determine
if the delay was explainable, not deliberate, and whether
defendant was prejudiced in preparing his defense.

CONCURRENCE BY BRONSON, J.

18. DRUGS AND NARCOTICS—DELIVERY OF HEROIN—KNOWLEDGE OF
    SUBSTANCE—INSTRUCTIONS TO JURY—MANIFEST INJUSTICE—
    FAILURE TO OBJECT—STATUTES.

*Knowledge of the character of a controlled substance is an
essential element of the offense of delivery of heroin and it is
error to omit from jury instructions the requirement that
defendant knows that the substance he is delivering is heroin;
however, failure to give the instruction does not require rever-
sal in the absence of manifest injustice, where defendant did
not object to the instruction given nor raise any issue concern-
ing his knowledge of the nature of the substance allegedly
delivered (MCL 335.341[1][2]; MSA 18.1070[41][1][a]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-*

*rek,* Prosecuting Attorney, and *Peter C. Jensen,* Assistant Prosecuting Attorney, for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: Danhof, C. J., and Bronson and N. J. Lambros,* JJ.

N. J. Lambros, J. After a jury trial, defendant was found guilty of delivery of heroin in contravention of MCL 335.341(1)(a); MSA 18.1070(41)(1)(a). The alleged delivery took place on October 29, 1974, between defendant and an undercover agent while two other people were present. Defendant was arrested on January 27, 1975. On May 3, 1975, after his preliminary examination and arraignment, defendant made a motion for substitution of counsel but this was denied. He then moved for permission to proceed *in propria persona* and requested a continuance to prepare for trial. This motion for a continuance was denied. The trial took place as scheduled and the jury found the defendant guilty. He appeals as of right raising numerous issues.

Defendant's first assignment of error concerns the trial court's denial of his motion for substitution of counsel. While an indigent defendant is not entitled to have the attorney of his own choice appointed, he may become entitled to have his assigned attorney replaced on a showing of good cause if it would not unreasonably disrupt the judicial process, *People v Wilson,* 43 Mich App 459, 462; 204 NW2d 269 (1972), *People v Eddington,* 77 Mich App 177; 258 NW2d 183 (1977). The court's decision on this matter is reviewed on an abuse of discretion standard, *People v Eddington,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*supra.* Eight days before trial, defendant made his motion for substitution claiming that (1) he did not see his attorney before the preliminary examination, (2) he did not know his attorney's name or phone number and consequently he could not reach his attorney, (3) his attorney made no effort to get his bond reduced, (4) his attorney failed to give defendant access to part of the preliminary examination transcript and (5) the attorney had failed to interview and secure the presence of some witnesses for trial. In summary, defendant alleges that his counsel failed to adequately prepare for trial.

There is no precise definition of "good cause" in the context of substitution of counsel, and the resolution of this issue must be found in the circumstances surrounding each case, particularly in the reasons presented to the trial judge at the time the request is made. Defendant's first two reasons for substitution concern whether counsel was inadequately prepared due to the limited contacts he had with his client. The amount of time an attorney spends with his client is a factor used in determining whether he is adequately prepared to defend his client, but it is not the determinative factor, *People v Bradley,* 54 Mich App 89; 220 NW2d 305 (1974), *People v Russell,* 47 Mich App 320; 209 NW2d 476 (1973). The defendant and his attorney had at least as much contact as was present in *Bradley, supra;* and *Russell, supra.*[1] For

[1] Defendant also contends that the trial judge failed to adequately investigate his reasons in support of his motion. The judge asked the attorney on the record how many times he had met with his client. Apparently, the judge accepted the attorney's version of the number of contacts he had with his client. While it is always possible to conduct further investigation and secure more conclusive proof, *see People v Bradley,* 54 Mich App 89, 95; 220 NW2d 305 (1974) (where the attorney offered to submit records of his visits to the defendant in jail), we hold that the judge did not abuse his discretion by accepting the attorney's answer.

the purposes of appellate review, the more important issue is whether the defendant can show or allege that prejudice resulted from the inadequate preparation, *Bradley, supra; Russell, supra.* Defendant has not shown any prejudice resulting from unpreparedness.

Defendant's claim that his counsel made no effort to seek a bond reduction is not supported by the record. Counsel made this motion and the bond was reduced by 50%. Also defendant claims that with only eight days left before trial, his attorney failed to contact a large number of essential witnesses. However, he does not allege that any were unavailable for trial because of his counsel's delay. Reversal is not warranted unless prejudice resulted, *Bradley, supra; Russell, supra.* In a closely related issue,[2] defendant claims that the trial judge abused his discretion in denying defendant's motion for a continuance. After defendant elected to dismiss his appointed counsel and proceed *in propria persona,* he moved for a continuance to allow himself time to adequately prepare. The standard governing the trial judge's decision on a motion for a continuance is set out in *People v Charles O Williams,* 386 Mich 565, 578; 194

[2] Ever since *Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972), the courts have often discussed the issues concerning substitution of counsel and the granting of a continuance as if they were one issue. This is not unreasonable since both motions are often raised and decided at the same time, and because in many cases the reasons supporting one motion are also used to support the other. However, the analysis of these problems might be better if the two issues were treated separately. The policy considerations involved in each motion are not the same. There are cases in which the substitution of counsel could take place without the need for a continuance (*i.e.* substitution takes place well before trial or the case is not complex and the new counsel is already familiar with it). Similarly, there are cases which a motion for substitution is properly denied but a continuance should be granted (*i.e.* there is no "irreconcilable dispute" but the dissatisfaction is over counsel's inadequate preparation, which he could cure with more time to prepare).

NW2d 337 (1972). In that case, the Court held
that:

> "In view of the facts that: 1) defendant was asserting
> a constitutional right—the right to counsel; 2) he had a
> legitimate reason for asserting this right—an irreconcil-
> able *bona fide* dispute with his attorney over whether to
> call his alibi witnesses; 3) he was not guilty of negli-
> gence; and 4) the trial court was incorrect in stating
> that defendant had caused the trial to be adjourned
> several times—we hold that the trial court abused its
> discretion in denying defendant's counsel's motion to
> withdraw and in preventing defendant from changing
> attorneys and granting a continuance in this case."

A fifth factor was added by *People v Wilson,* 397
Mich 76; 243 NW2d 257 (1976), that defendant on
appeal must show that prejudice resulted. Under
this standard, we hold that the trial judge did not
err reversibly in denying defendant's motion for a
continuance.

Although the facts in this case meet the first
and fourth requirement of *Charles O Williams,*
*supra,* there is an absence of a bona fide irreconcil-
able dispute. In fact, no dispute as to trial tactics
appears in the record. Rather it appears that
defendant is simply unsatisfied with his attorney's
efforts. Not every matter of conflict between an
attorney and his client requires substitution. The
"irreconcilable dispute" requirement recognizes
that there are some circumstances in which it
would be an inefficient use of resources to require
two people to work together towards a common
goal when they have irreconcilable strategies.
However, where the dispute is not irreconcilable,
public policy favors an attempt to work these
problems out rather than always switching attor-
neys at the first sign of trouble. Many times, it is
only through resolving these problems that an

attorney and his client can clear up misperceptions and expectations so that the client becomes fully aware of the implications of a situation confronting him and the options open to him.

Defendant does not allege any "irreconcilable dispute" with his attorney over strategy. Also since defendant was discharging his attorney without sufficient cause to warrant substitution, the need for a continuance could be attributed partly to defendant's own negligence under the third prong of the *Charles O Williams* test. More importantly, defendant has not shown any examples of prejudice resulting from the denial of his motion for a continuance.[3] Nor do we accept defendant's contention that prejudice resulted from the inability of some witnesses to recall the events. If this fading of memories of the night in question was due to the time span between the date of the offense and trial, as defendant contends, then certainly the granting of a longer delay would not help restore the ability to recall.

Another issue raised by defendant concerns the judge's instructions to the jury. Defendant contends that the trial judge erred by omitting from the instructions the requirement that the defendant know the substance he is delivering is heroin, which defendant claims is an essential element of the offense. Even though there was no request for this instruction or any objections to the ones given, reversible error is committed if the judge fails to instruct the jury on an essential element of the offense, *People v Hearn,* 354 Mich 468; 93 NW2d 302 (1958).

---

[3] Although defendant does allege inability to secure Mr. Cirillo for trial, it is doubtful that a continuance would have produced him since he did not respond to a subpoena. Also the trial judge thought that some of the delays in securing defense witnesses were due to defendant's own negligence.

The analysis of this question of whether knowledge that one is delivering heroin is an essential element of the offense of delivery starts with the statute itself. Neither the definition of delivery, MCL 335.304(1); MSA 18.1070(4)(1), nor the provision proscribing it explicitly require knowledge that heroin is being delivered. In contrast, the provision proscribing possession, MCL 335.341(4); MSA 18.1070(41)(4), was amended in 1972 to require knowledge of the substance's character. The courts, in dicta, have made references to this general issue when dealing with another issue; namely, the usable remnant test enunciated in *People v Harrington,* 33 Mich App 548; 190 NW2d 343 (1971), *rev'd* 396 Mich 33; 238 NW2d 20 (1976), see also *People v Jones,* 38 Mich App 512, at 517; 196 NW2d 817 (1972). Also, the Court in *People v Gaffney,* 51 Mich App 526; 215 NW2d 587 (1974), and *People v Dyson,* 56 Mich App 59; 223 NW2d 364 (1974), approved instructions requiring that the defendant know the character of the substance delivered.

The new Standard Criminal Jury Instructions, proposed CJI 12:2:03, mandates the giving of this instruction. However, these standard instructions were not available when the trial took place in 1975 so that they might have given some guidance to the trial judge. In light of this fact and the Legislature's decision not to amend the delivery statute while amending the possession statute to include this element, we hold that the trial court did not err by failing to give this instruction, *sua sponte.* Since this is not an essential element of the offense, allegations of error in the instructions, in the absence of any objection, will only warrant reversal if a miscarriage of justice resulted, *People v Frederick Lester,* 78 Mich App 21; 259 NW2d

370 (1977), *People v Sherman Hall,* 77 Mich App 456; 258 NW2d 517 (1977), see also GCR 1963, 516.2. No miscarriage of justice resulted from the instruction given.

Another instructional error urged by defendant is that the trial court, in its instruction on an alibi defense, placed the burden of proof on defendant to prove his alibi. The trial judge instructed the jury as follows:

"I instruct you that such a defense is as proper and as legal, if proven, as any other and all the evidence bearing upon that point should be carefully considered by the jury, and if in view of the evidence the jury has a reasonable doubt as to whether the defendant was at some other place at the time the crime was committed, you should give the defendant the benefit of any doubt and find him not guilty. The defendant is not required to prove that defense beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if this evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged."

Defendant did not object at trial, but this does not necessarily preclude review, *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974). Although the "if proven" seems to shift the burden of proof, the issue on appeal is whether the instruction as a whole shifted the burden of proof. In *People v McCoy, supra,* a similar instruction was viewed as one of the grounds for reversal, even though the defendant did not object to it and an instruction on the presumption of innocence was given before it. The Court said that such an instruction would be reversible error in the future. However, a very similar instruction ("if established") was held not to be reversible error in *People v Cain,* 67 Mich App 433; 241 NW2d 233 (1976), because it indi-

cated that if the alibi defense raised a reasonable doubt, the defendant must be acquitted. The same cautionary instruction was given in this case. Consequently, reversal is not required.

Defendant also alleges the nonindorsement and nonproduction of two res gestae witnesses as grounds for reversal. There were two other men present at the alleged delivery of heroin. Although it appears that defendant knew both of these men, he only identified one to the police, namely, Domingo Cirillo. Even though the police asked defendant about the other man, he was never identified by defendant nor did the police ever find out his identity. When they asked for Cirillo's address, defendant could only give the police the name of the high school that Cirillo attended. The police officer contacted the prosecutor and the probate court in an effort to have them contact the high school, but Cirillo was not listed on any high school records. The officer testified that he had seen Cirillo after the arrest but did not indicate what, if any, action he took to secure his presence at trial. He also testified that his only efforts to locate the other man consisted of asking defendant his name. The officer in charge of the investigation testified that no effort was made to identify or locate these witnesses because it was not pertinent to their ongoing investigation.

Since both these persons were present when the alleged crime was committed, they are presumed to be res gestae witnesses, *People v Frank Johnson,* 58 Mich App 1, 7; 226 NW2d 730 (1975), *People v Hicks,* 63 Mich App 595, 597; 234 NW2d 720 (1975). Since these people were in a position to observe the transaction, their testimony serves the purposes of presenting the entire transaction and protecting the accused from false accusations, *Peo-*

*ple v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973), *People v Hicks, supra.* The only possible issues in this case are: 1) did the prosecutor show an excuse for nonproduction, and 2) did defendant properly preserve this issue for appeal?

In *People v Buero,* 59 Mich App 670, 674–675; 229 NW2d 880 (1975), the exception to the general rule requiring indorsement and production were enumerated as:

"(1) When the prosecution makes a showing of due diligence in attempting to produce the witness.

"(2) Where the testimony of the missing witness would be merely cumulative.

"(3) Where the missing res gestae witness was a participant in the crime.

"(4) Where the identity of the res gestae witness is made known to the defendant during or before trial and defendant does not move for endorsement or production of the witness."

The failure to produce the unidentified witness can be justified under the fourth exception. Presumably, defendant knew the identity of this person but failed to disclose this to the police. Also, the inability of the police to ascertain this witness's identity is a factor to be considered in deciding whether nonproduction is excused under the first exception.

The failure to produce Cirillo cannot be excused under the fourth exception. That exception has been modified by *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), *People v Gordon,* 60 Mich App 412; 231 NW2d 409 (1975), *People v Koehler,* 54 Mich App 624; 221 NW2d 398 (1974); see also, *People v Kimble,* 60 Mich App 690; 233 NW2d 26 (1975), so that it will no longer excuse production if nonproduction would result in a miscarriage of

justice. The validity of the modification of this standard is questioned in *People v Bennett,* 68 Mich App 446; 243 NW2d 15 (1976), and the Court in that case stated that the reasons behind the exception are still valid considerations. However, the reasons for the exception are met in this case because the prosecutor already knew the name of the witness and had taken some steps to secure his production. To excuse the production of this witness would result in a miscarriage of justice unless one presumes that his testimony would be cumulative. Since the production of the unidentified witness is excused, Cirillo is the only available witness present at the time the alleged crime was committed. The jury might consider his testimony as the best evidence of what actually took place.

It is not alleged that the witness was an accomplice to the crime and his testimony will not be presumed to be cumulative. The only remaining exception is for the people to show that they exercised due diligence in attempting to produce the witness for trial but were unable to produce him. A review of the case law interpreting the requirement of due diligence, reveals that the efforts made in this case do not fulfill that requirement. Almost all the cases justifying nonproduction on the grounds of due diligence either involve a witness who has left the state, *People v Vick,* 235 Mich 475; 209 NW 584 (1926), *People v McNary,* 43 Mich App 134; 203 NW2d 919 (1972), *People v Phillips,* 37 Mich App 242; 194 NW2d 501 (1971), *People v Lewis,* 25 Mich App 132; 181 NW2d 79 (1970), or whose identity was unknown, *People v Rimson,* 63 Mich App 1; 233 NW2d 867 (1975), *People v Mack,* 64 Mich App 587; 236 NW2d 523 (1975), or a witness who was only recognized as a res gestae witness during trial and

a duly diligent effort failed to produce him, *People v Bersine,* 48 Mich App 295; 210 NW2d 501 (1973).[4]

None of these factors is present in this case. The identity of the witness was known and there is no allegation that he left the state. The police had contacted the witness after the arrest but did not indicate what, if any, action they took to secure his presence at trial. Also, due diligence requires more than only checking out the information concerning the witness's school. Based on the facts in the record, we cannot say that the people exercised due diligence in attempting to locate and produce this res gestae witness.

Although defendant has not made a motion for a new trial as required by *People v Robinson, supra,* appellate review is possible under *People v Phillips,* 75 Mich App 690; 255 NW2d 733 (1977). The holding in *Phillips* permits review, notwithstanding the absence of a motion for a new trial, if the failure to produce the witness makes a determination of guilt result in a miscarriage of justice. In *Phillips,* two apparently unbiased witnesses helped the police arrest defendant shortly after the crime was committed. The defense of intoxication was raised and each witness had the opportunity to view defendant's state at the time of his arrest. They did not witness the commission of the crime. That case was remanded for a *Robinson* hearing because otherwise a miscarriage of justice might result. The testimony of the only eyewitness to the corpus delicti is just as, if not more, important than the testimony of the witnesses in *Phillips.* Although Cirillo is defendant's cousin and he may not be unbiased, there is nothing in the record to indicate that he is biased.

---

[4] *But see People v Baldwin,* 74 Mich App 700; 254 NW2d 619 (1977), *People v Bell,* 74 Mich App 270; 253 NW2d 726 (1977), *People v Haywood,* 28 Mich App 459; 184 NW2d 537 (1970).

The witness in this case was a res gestae witness and defendant has not waived his production.[5] Therefore, remand is required in the instant case in order to make a sufficient record and to allow the trial court to pass upon these important issues. If the trial court determines that the people exercised due diligence in attempting to produce this witness, the conviction is affirmed. If the trial court determines that the people did not use due diligence, and that the testimony of the witness was not merely cumulative, the trial court shall reverse the conviction and order a new trial. *People v Phillips, supra.*

The next issue raised by defendant concerns the admission into evidence of testimony by a police officer concerning the results of field tests he conducted on the heroin. Defendant claims that the admission of this evidence was reversible error since there was not an adequate foundation for the officer to testify as an expert. The field test is not a complex matter to conduct and its results are not difficult to observe or interpret. The unknown substance is placed in a reagent and if the mixture turns purple, the substance is heroin. Defendant did not contest the scientific validity of this experiment or allege that the substance delivered was not heroin. Furthermore, he did not object to the introduction of this testimony. Under GCR 1963, 529.1, reversal or a new trial cannot be premised on the admission of this evidence unless a refusal to take such action is inconsistent with substantial

---

[5] Although defendant, proceeding *in propria persona,* did not make the necessary motions for production, he did ask the prosecutor to subpoena this witness, made a motion to dismiss on the grounds of nonproduction, and requested an instruction on nonproduction of the res gestae witness. While these motions are not the proper procedure for presenting this issue, they should have put the trial court on notice that the defendant thought something was wrong which may make the determination of guilt result in a miscarriage of justice.

justice. The result in this case is not inconsistent with substantial justice due to the introduction of this evidence.

Defendant also assigns as error the court's ruling that a lay witness was not qualified as a handwriting expert. Defendant attempted to introduce an exculpatory letter but it was not admitted because the authenticity of the writing had not been established. Defendant called a lay witness to establish that the handwriting belonged to the person who it was claimed wrote the letter. The lay witness had only seen the writer's signature on two Christmas cards and a birthday card. She was not even sure if the cards were signed by the alleged writer or his wife. The court offered defendant an extension of time to secure an expert witness but defendant did not use this opportunity.

It is within the trial court's discretion to admit or exclude expert testimony and an exercise of that discretion will not be reversed except where it is clearly abused, *Johnson v Detroit,* 79 Mich App 295; 261 NW2d 295 (1977). A new trial will not be ordered unless a refusal to do so would be inconsistent with substantial justice, GCR 1963, 529.1. The court did not abuse its discretion in this case. Not only were the witness's qualifications questionable, but moreover, the court was willing to allow the defendant time to get an expert witness.

Another issue raised by defendant concerns prosecutorial misconduct which he claims denied him a fair trial. The prosecutor did not misstate the applicable law and any misstatement on the burden of proof was cleared up by the judge's instructions. It is also claimed that the prosecutor made reference to matters not in evidence. No objection was made to any of these comments. The absence of an objection will bar review, where a cautionary

instruction, in all likelihood, would have eliminated the prejudice caused by the remark, *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970). Although, in making his remarks, the prosecutor might have overstepped the bounds of permissible argument, any prejudice from these remarks was minimal and could have been eliminated by a curative instruction.

Defendant's contention that a three-month delay in his arrest denied him due process was not presented to the trial court. Thus, the trial court did not make the required findings of facts and conclusions that are necessary to determine if the standard of *People v Hernandez,* 15 Mich App 141; 166 NW2d 281 (1968), was violated. Since this issue was not presented to the trial court, appellate review is precluded. Defendant's claim of excessive bail and improper sentencing do not warrant extended discussion, reversal, or resentencing.

Remanded for further proceedings consistent with this opinion.

DANHOF, C. J., concurred.

BRONSON, J. *(concurring).* I concur in my colleagues' disposition of this case. However, I would hold that knowledge is an essential element of delivery, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a).

I find several reasons for holding that knowledge is an element of delivery.

First, this Court has, in the context of addressing a different issue,[1] approved instructions requiring that the defendant know the character of the

---

[1] *I.e.,* the "usable remnant" issue. *See People v Harrington,* 396 Mich 33; 238 NW2d 20 (1976).

substance delivered. The clearest expression of this is found in *People v Dyson,* 56 Mich App 59, 63–64; 223 NW2d 364 (1974):

"In *Jones, supra,* the approved instruction stated that in order to be guilty the defendant had to have knowledge that he was dealing with heroin and the intent to deal therewith. In the present case the trial court instructed the jury that the defendant had been charged with knowingly delivering a controlled substance. It said:

" '[I]n order to convict the defendant of this crime, the prosecutor must have proven beyond a reasonable doubt each and all of the following elements:

" '1. That the crime occurred on or about the 12th day of December, 1972, in Benton Township, Berrien County, Michigan.

" '2. That this defendant intended to and did deliver a substance which, in fact, was heroin.

" '3. *That at the time and place the defendant knew the substance was, in fact, heroin.'*

"Thus, it is readily apparent that the proper instructions were given." (Emphasis added.)

Accord, *People v Gaffney,* 51 Mich App 526; 215 NW2d 587 (1974), *People v Jones,* 38 Mich App 512; 196 NW2d 817 (1972).

Second, CJI 12:2:03 includes an instruction that knowledge of the substance delivered is essential for conviction.[2] The commentary indicates that this requirement was included "after much debate". While the committee's standard instructions do not establish precedent, we give some weight to their interpretation of the elements of criminal offenses. See, generally, *People v Till,* 80 Mich App 16; 263 NW2d 586 (1977).

Third, delivery of heroin is a most serious crime carrying a correspondingly significant maximum

---

[2] These instructions were not available at the time the instant case was tried.

penalty, 20 years' imprisonment and a $25,000 fine. It is true, as noted by the majority, that the statutory definition of "delivery" contains no knowledge requirement. See MCL 335.304(1); MSA 18.1070(4)(1). However, to interpret the crime of delivery as one of strict liability would be contrary to the accepted view that strict liability should not apply to serious crimes. See LaFave & Scott, Criminal Law (1972), at 218–223.[3]

Finally, I believe that *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), mandates the result I would reach on this issue. In *Martin,* the defendant was convicted of delivery and possession of heroin. The Court reversed the delivery conviction on the basis of double jeopardy. In doing so, the Court found that, in convicting defendant of delivery of heroin, "they *necessarily* found him in possession of it". *People v Martin, supra,* at 307. To convict the defendant of possession, the jury would had to have found that the defendant knew the substance he possessed was heroin. MCL 335.341(4)(a); MSA 18.1070(41)(4)(a). Implying such a finding from a delivery conviction means that to convict of delivery, a jury has to find that the defendant knew that the delivered substance was heroin. Otherwise, the jury would not *necessarily* find possession in convicting for delivery. Therefore, *Martin* holds that knowledge is an essential element of delivery.

For these reasons, I believe the instruction given in the case at bar was erroneous, but concur in the majority's disposition. I find no manifest injustice

---

[3] There is some debate as to the effect of reading a knowledge requirement into a statutory crime. It is unclear whether knowledge becomes an element of the offense or whether it is a defense. The burden of proof in either case is likewise uncertain. As CJI 12:2:03 and *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), indicate that knowledge is an essential element of the offense of delivery of a controlled substance, I would so hold. *See* the discussion of *Martin, infra.*

requiring reversal;[4] defendant did not object to the instruction given and did not raise any issue concerning his knowledge of the nature of the substance allegedly delivered.

---

[4] It is true that a trial court is obligated to instruct on all essential elements of a crime, even absent a request or objection. *People v Townes*, 391 Mich 578; 218 NW2d 136 (1974). However, in the absence of any issue at all concerning defendant's knowledge of the substance allegedly delivered, I would not require reversal.